Walton *vs.* Jones.

O. B. WALTON, plaintiff in error, *vs.* CHARLES B. JONES, administrator, defendant in error.

When, in a suit against an administrator on a debt of his intestate, he had failed to file any issuable plea under oath, and the court gave a judgment for the plaintiff's demand, and *during the term* the defendant moved to open the judgment, with leave to plead *plene administravit*, alleging, under oath, that he had in fact fully administered the estate, and paid all the assets out to debts of higher dignity than the plaintiff's debt; that he was led to think, from the statement of the ordinary to him to that effect, that it was unnecessary for him to plead, as a judgment against him would, in such a case, only bind the assets that might afterwards come into his hands, and that for this reason he had failed to plead *plene administravit*. To this was added an affidadavit of the ordinary, who was also a lawyer, that he had been consulted by the defendant as to whether it was necessary for him to plead, and that he, knowing that all the assets had been paid out to debts of higher dignity, told him it was not necessary, as a judgment in such a case would only bind future assets, and that he so thought at the time:

*Held,* that it was not error in the judge to grant the motion. During the term it is in the *discretion of the court* to review any judgment it may have made.

Practice in the Superior Court. Judgments. Before Judge JAMES JOHNSON. Chattahoochee Superior Court. March Term, 1874.

This case is sufficiently reported in the above head-note.

D. H. BURTS; PEABODY & BRANNON, for plaintiff in error.

C. J. THORNTON, by R. H. CLARK, for defendant.

McCAY, Judge.

The judgment in this case was not based on the verdict of a jury, but was the act of the judge, and in such cases, according to the settled maxims of the common law, the judgment is, during the term, in the breast of the judge. In Kerr's Action at Law, page 29, Law Library, 81, this practice is distinctly laid down, and it is referred to the equitable jurisdiction of the court, to-wit: to that supervision of its own proceedings which exists in every court, so to control its action as that its rules and practice shall not be the means of hardship or injustice. Necessary rules of order require that this jurisdiction shall be exercised only at the discretion of the judge. It is not a matter of right in the party asking its exercise; but, like the appeal to a chancellor for his interference, it must be sought for by an appeal to the sense of justice and propriety of the court. Ordinarily, the exercise of this discretion is not matter of appeal. It turns on the special facts of each case, on the conduct of the parties, on the press of business before the court, etc.

In the case before us, we think there was no error. If the judge was satisfied that the movant acted in good faith, and that he was not needlessly troubling the court in asking it to undo what it had done, there was no error. This court will be very slow to interfere in such cases, where no injustice has been done—where only a technical advantage of the other party is disturbed. Whether the effect be, in this case, to cause delay, we do not know. That was doubtless considered by the court. It does not appear that the case was not heard, or that it could not have been heard, at the term.

Judgment affirmed.