36973. LIBERTY MUTUAL INSURANCE COMPANY *et al.* *v.* GOINS.

Decided January 21, 1958.

Anderson, Anderson, Walker & Reichert, W. W. Hemingway, for plaintiffs in error.

Cullen M. Ward, Ward, Brooks, Parker & Daniel, contra.

QUILLIAN, Judge. 1. There is no question that the claimant is entitled to compensation because there was ample evidence to support the finding that he was disabled as a result of an injury arising out of and in the course of his employment. The question to be decided here is whether the claimant was awarded the proper amount of compensation. Code (Ann.) § 114-405 provides: "Except as otherwise provided in the next section hereafter, where the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such incapacity a weekly compensation equal to 60 percent of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than $20 a week, and in no case shall the period covered by such compensation be greater than 350 weeks from the date of injury. In case the partial incapacity begins after a period of total incapacity, the latter period shall be deducted from the maximum period herein allowed for partial incapacity. The total

compensation payable shall in no case exceed $6,000. (Acts 1922, p. 190; 1923, p. 95; 1949, pp. 1357, 1358; 1955, pp. 210, 211)."

Under the above Code section, the only method of computing the claimant's compensation is 60 percent of the difference between his average weekly wages prior to the injury and the average weekly wages he was able to earn thereafter, but not to exceed $20 per week. *Austin Bros. Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (121 S. E. 345); *American Mutual Liability Ins. Co.* v. *Hampton,* 33 *Ga. App.* 476 (127 S. E. 155). The only formula for determining this difference is to compare his average weekly wages prior to the injury with wages earned each individual week thereafter until the time of the hearing. This is true because he may have earned varying amounts during the period prior to the hearing. If there are periods of unemployment, through no fault of the claimant, due to the injury then he would be entitled to temporary total disability for this period. *Lumberman's Mutual Cas. Co.* v. *Cook,* 69 *Ga. App.* 131 (2) (25 S. E. 2d 67).

In the present case the claimant had several periods of unemployment which the director held were the result of the injury and due to no fault of the claimant. There was evidence to support this finding, and the claimant should be awarded compensation for temporary total disability during these periods. During the period between the injury and the time of the hearing the claimant obtained several different jobs at varying wages which were less than his average weekly wages prior to the injury, and the claimant should be compensated in the amount of 60 percent of the difference between these wages.

From approximately September 10, 1956, to the date of the hearing, the claimant's weekly wages were raised to $55, which was $2.29 higher than his average weekly wages prior to the injury. In *American Mutual Liability Ins. Co.* v. *Hampton,* 33 *Ga. App.* 476 (1), supra, it was held: "There is no recognition of the elements of pain and suffering, or of increased discomfort and difficulty in performing the labors for which wages are paid after the injury; and as long as the average of these remain the same or more than those previously received, the law allows no compensation through the machinery of the industrial commission."

Under the above authority, the claimant will not be entitled to compensation for the period in which he earned more than his average weekly wages prior to the injury.

The evidence being incomplete as to the exact dates of the claimant's employment and wages from the date of the injury to the time of the hearing, in complying with this decision it will be necessary that the board hear additional evidence as to these facts.

The judgment of the superior court is reversed with direction that the case be remanded to the Workmen's Compensation Board for the purpose of taking additional evidence to determine the amount of compensation due the claimant, in accordance with the ruling in this opinion.

*Judgment reversed with directions. Felton, C. J., and Nichols, J., concur.*