22269.   GUESS v. LIBERTY MUTUAL INSURANCE COMPANY et al.

ARGUED NOVEMBER 13, 1963—DECIDED JANUARY 10, 1964— REHEARING DENIED JANUARY 22, 1964.

*Albert Feldman,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux,* contra.

CANDLER, Justice. That an employee has suffered an injury compensable under the terms of the Workmen's Compensation Act may be conclusively established by an agreement filed with and approved by the compensation board, *Code* § 114-705, or by an award of the board after hearing evidence, *Code* §§ 114-706—114-708. Regardless of which of these two methods is employed, it is a decision or judgment of the compensation board which must be complied with until it is superseded by a new award. *Home Accident Ins. Co. v. McNair,* 173 Ga. 566 (1b) (161 SE 131); *Lumbermen's Mut. Cas. Co. v. Cook,* 195 Ga. 397 (24 SE2d. 309). Until it is so changed or modified in the manner and way provided by the compensation Act, it has the same force and effect as the decision or judgment of any other tribunal known to our system of jurisprudence. *Rourke v. U. S. Fidelity &c. Co.,* 187 Ga. 636, 638 (1 SE2d 728). The compensation Act contains no provision which automatically cancels an award which the board has made to an employee for a compensable injury; but it does make ample provision for a review of the award when there is a change in the condition of the employee. *Code Ann.* § 114-709. And under Rule 17 of the compensation board which was adopted pursuant to and in accordance with § 114-709, an employer or his insurance carrier may discontinue payment of an award for disability compensation when the employee returns to work and an application for leave to stop payment of such compensation is granted by the board under the provisions of such rule. So long as a judgment or decision of the board fixing disability benefits is permitted to stand as rendered, there is nothing for the courts to

do but enforce it. If it seems unjust or inequitable for an employee who is receiving total disability compensation benefits under the provisions of our compensation Act to accept employment from a different employer and earn as much or more than he was earning at the time of his injury, this is a matter which addresses itself to the General Assembly and not to the courts. The question propounded is therefore answered in the affirmative and a different answer is not required by the decision in *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746 (113 SE2d 611), since the holding there made as it relates to the question here involved is not unanimous and because the ruling made in that case, insofar as it deals with the propounded question is in conflict with the older and unanimous decisions of this court in *Home Accident Ins. Co. v. McNair* and *Lumbermen's Mut. Cas. Co. v. Cook,* both supra, which must be applied and followed in this case.

*All the Justices concur, except Head, P. J., Almand and Mobley, JJ., who dissent.*