## 22172. AWBREY et al. v. DAVIS.

PER CURIAM. This case is controlled by the answer of this court to a certified question from the Court of Appeals in *Guess v. Liberty Mut. Ins. Co.*, 219 Ga. 581. The decision of the majority in that case was that where an employee is injured and an agreement to pay total disability compensation benefits is entered into between the employer and employee and approved by the compensation board and such agreement has not been changed or modified by express agreement of the parties or by the judgment of the compensation board or otherwise, the employee is entitled to continue to receive payment for total disability under the agreement after he accepts employment from a different employer and earns as much as or more than he was earning at the time of his injury.

The effect of that decision is that the employer against whom an award of compensation has been made by the Workmen's Compensation Board cannot take credit for wages paid to the employee by another employer, even though the wages so paid were equal to or greater than those he was receiving at the time of his accident and injury resulting therefrom.

Accordingly, the judgment of the Court of Appeals is correct. *Judgment affirmed. All the Justices concur, except Head, P. J., Almand and Mobley, JJ., who dissent.*

SUBMITTED OCTOBER 14, 1963—DECIDED JANUARY 24, 1964.

*McCamy, Minor, Vining & Phillips,* for plaintiffs in error.

*Mitchell & Mitchell,* contra.

MOBLEY, Justice, dissenting. Whether or not an employer against whom there is an unmodified award of workmen's compensation by the Workmen's Compensation Board is entitled to credit for wages paid by another employer of the claimant is the question presented in this case. The Court of Appeals in a five to four decision held that he was not. *United States Fidelity &c. Co. v. Davis,* 108 Ga. App. 76 (132 SE2d 109). It is to that ruling that petitioner in certiorari excepted.

This court held in *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746 (113 SE2d 611) that an employer is bound to continue payments of compensation under an award by the Workmen's Compensation Board *"less credit for wages paid"* (italics ours) until such time as the award is superseded by a new award or order. The Court of Appeals in *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369 (126 SE2d 909) properly applied the ruling of this court in the *Sears, Roebuck & Co.* case by holding that the employer was entitled to credit against the award of the full amount of the weekly payment upon showing that the employee had returned to work and received pay equal to or in excess of what he was receiving at the time of injury.

The allowance of credit for wages paid the employee against an award of compensation is a sound application of the Workmen's Compensation Act and is in keeping with the purpose of the Act, which is to allow an employee compensation when he

suffers loss of earnings resulting from an accident arising out of and in the course of his employment. This court in *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746, supra, where we first held that wages paid could be credited against a compensation award, cited with approval the case of *Blue Bell Globe Mfg. Co. v. Baird*, 61 Ga. App. 298, 300 (6 SE2d 83) where the Court of Appeals stated that "loss of earning power is the basis for an allowance of compensation. . . The word 'disability', as used in the Act, means impairment of earning capacity." This rule applies here, where the injury was not to a specific member, which, under *Code Ann.* § 114-406, does not require loss of earnings. Where, as here, there is no longer any impairment of earning ability and no loss of wages, by reason of the employee's electing to return to work, he no longer has a disability within the meaning of the Workmen's Compensation Act and, while the employer is still bound by the judgment, he is entitled in equity and good conscience and under the law established by this court in *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746, supra, to credit against the award the wages paid the employee. The employee is not entitled to both compensation and full wages, loss of earnings being the basis upon which compensation is paid.

I fully recognize the ruling that the award of the Workmen's Compensation Board is res judicata until a change of condition is found under *Code Ann.* § 114-709 and the liability of the employer thereunder cannot be questioned. However, it is equally clear that to require credit of payments made by the employer on the award would not be an amendment of the award but is compliance therewith. Likewise, to require credit for wages paid against the award does not violate the sanctity of the res judicata status of the judgment but recognizes the judgment.

I see no reason why the ruling of this court in *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746, supra, that the employer is entitled to "credit for wages paid" against the compensation award, should be limited to payment by the employer against whom the award stands. The opinion did not so limit it, but laid down the broad principle that the employer must comply with the award and make the payment ordered "less credit for

wages paid." When the employee elects to return to work at a wage equal to or in excess of that he was receiving at the time of his injury, the employer, though still bound by the award, is entitled to credit equal to the award during the period of re-employment. Accordingly, it is my opinion that the decision of the Court of Appeals should be reversed.

I am authorized to state that Presiding Justice Head and Justice Almand concur in this dissent.