## 43124. NATIONAL ENGINE REBUILDING, INC. v. NOLES.

JORDAN, Presiding Judge. This is a workmen's compensation case. The employer and claimant entered into an agreement in respect to a back injury incurred on May 23, 1966, and providing for compensation effective May 30, 1966, until terminated according to law, and the board approved the agree-

ment. In a stipulation on August 19, 1966, the parties agreed that "on July 18, 1966, the claimant's physical and mental condition returned to that which existed immediately prior to the compensable accident of May 23, 1966," and that the accident "left no physical impairment" and no "predisposition to injury which would be the basis for a subsequent change in condition for the worse." The stipulation also shows the payment of all compensation for the disability and medical expenses incurred. The parties requested the board to adopt the stipulation as findings of fact and to enter an award releasing and discharging the employer from liability. On August 24, 1966, the board approved the stipulation, and entered an award that "no further disability is found to exist." The claimant appealed to Fulton Superior Court, and a judge of that court sustained the appeal and reversed the award, and the employer appeals to this court. *Held:*

1. The record before this court fails to disclose the presence of the essential conditions as stated in the third sentence of *Code* § 114-106, as amended in 1963, so as to bring either the original agreement or the subsequent agreement within the terms of an approved final compromise settlement as contemplated therein involving disputed issues, thus foreclosing further review by the board under *Code Ann.* § 114-709.

2. The first two sentences of *Code Ann.* § 114-106 express the intent of the Workmen's Compensation Act to encourage settlements, and these provisions recognize the validity and binding effect of a settlement filed with and approved by the board, if the amount of compensation and the time and manner of payment are in accordance with the law. In the absence of further limitations we think these provisions necessarily apply to an approved settlement based on a change in condition whereby a disability no longer exists, and by reason of which the employee is no longer entitled to any amount of compensation. Where, as here, the board approved the stipulation showing a complete recovery, and entered an award that "no further disability is found to exist" it acted within its authority to approve a settlement under the first two sentences of *Code Ann.* § 114-106 precluding further compensation based on conditions then shown to exist, and the parties are bound thereby. As the settlement is not shown to come under the provisions of the last sentence of *Code Ann.* § 114-106, however, the board was without authority to ap-

prove the statement in Paragraph 2 of the agreement "that the said compensable accident of May 23, 1966, has left no physical impairment in the claimant's physical or mental conditions nor has the said accident resulted in any predisposition to injury which would be the basis for a subsequent change in condition for the worse attributable to the back strain sustained by the claimant on May 23, 1966," insofar as this statement purported to establish facts requiring a complete and final disposition of all claims, thus precluding the claimant from any right of further review on the ground of a change in condition under *Code Ann.* § 114-709, and to this extent the board acted in excess of its powers in approving the stipulation.

3. One of the grounds asserted on appeal to the superior court is that the board acted in excess of its powers, and under *Code* § 114-710 it is within the authority of the superior court on appeal to set aside the order or decree of the board if the members acted in excess of their powers. Although the order of the lower court is silent as to the reasons for sustaining the appeal, it is clear from the record that the judge acted within his authority, the board having acted in excess of its powers for the reasons heretofore shown.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED OCTOBER 5, 1967—DECIDED NOVEMBER 2, 1967—
REHEARING DENIED NOVEMBER 20 and DECEMBER 5, 1967—

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellant.

*Gilbert & Carter, Fred A. Gilbert,* for appellee.