24795, 24796. MARTIN v. GENERAL MOTORS CORPORATION, FISHER BODY DIVISION; and vice versa.

MOBLEY, Justice. This action was commenced by application to the Superior Court of Fulton County for judgment on agreements to pay workmen's compensation benefits, approved by the State Board of Workmen's Compensation, as provided by Code §§ 114-705 and 114-711. Judgment was entered and the execution was stayed for ten days pursuant to Ga. L. 1966, pp. 609, 664; Ga. L. 1967, pp. 226, 239 (Code Ann. § 81A-162). Motion was made by the employer to set aside the judgment and enjoin levy of the execution, on the grounds that the claim had been fully satisfied, and that the employee was estopped in equity to assert his claim. The employee made a motion to strike these pleadings on the ground that they did not set forth a legal defense to the judgment. After a hearing, the trial judge entered an order remanding the case to the State Board of Workmen's Compensation for further findings of fact, and staying the execution until further order of the court, jurisdiction being retained pending the board's consideration of the matter. The order stated that the court did not deem it necessary to rule upon the equitable grounds at that time. The employee appealed from this order, and the employer filed a cross appeal to the same order. Held:

The order appealed from is interlocutory in nature. While assignments of error are made by the appellant on the failure to strike the appellee's motion to set aside the judgment, and by the cross appellant (appellee in the main appeal) on the failure to set aside the judgment, no rulings were made by the trial judge on these contentions. The order was not a final judgment, or one that would have been final if rendered as claimed by the appellant (under Ga. L. 1965, p. 18, the law in effect at the time of the filing of the notice of appeal). The portion of the order continuing in effect the stay of execution merely suspended the execution until the further order of the court, and it is not an order continuing in effect a temporary restraining order. Compare *Wheeler v. Walker*, 55 Ga. 256 (2). Since the order appealed from by both the appellant and cross appellant is not an appealable judgment, the appeals are premature and must be dismissed.

*Appeal and cross appeal dismissed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1968—DECIDED OCTOBER 10, 1968.

*Charles L. Drew,* for appellant.

*King & Spalding, R. William Ide, III, Kirk McAlpin, Charles M. Shaffer, Jr.,* for appellee.