### 43753. UNITED STATES FIDELITY & GUARANTY COMPANY et al. v. GIBBY.

HALL, Judge. The claimant employee received a back injury which arose out of and in the course of his employment on January 27, 1966. The standard form for agreement as to compensation was filed and approved by the State Board of Workmen's Compensation. The employer paid the compensation benefits provided in the agreement through May 10, 1966. On April 24, 1967, the employer filed an application for a hearing to determine a change in the claimant's condition.

The claimant then filed an application for judgment pursuant to *Code* § 114-711 and prayed that the court enter a judgment for the compensation due under the agreement from May 11, 1966, through April 23, 1967. The judgment was entered on March 12, 1968.

The employer subsequently filed a motion to set aside the judgment on the ground that since the cessation of compen-

sation payments the claimant had had weekly earnings equal to or greater than the average weekly wage stated in the agreement.

The employer appeals from the dismissal of his motion to set aside the judgment.

The agreement for compensation executed by the claimant and presented by him to the court for enforcement contained the following provision: "Against the liability for compensation created herein the employer and/or insurance carrier shall receive credit for any week the claimant-employee earns a weekly wage equal to or greater than the average weekly wage stated herein, whether received from the same employer or any other employer."

In support of the judgment the claimant relies upon *Guess v. Liberty Mut. Ins. Co.*, 219 Ga. 581 (134 SE2d 783) and *Awbrey v. Davis*, 219 Ga. 598 (134 SE2d 785), cases in which the Supreme Court was split 4 to 3 in holding that "the employer against whom an award of compensation has been made by the Workmen's Compensation Board cannot take credit for wages paid to the employee by another employer, even though the wages so paid were equal to or greater than those he was receiving at the time of his accident and injury resulting therefrom." *Awbrey v. Davis*, supra, p. 599. The holding was based on the premise that an award of the State Board of Workmen's Compensation until it is modified in the manner provided by the Act "has the same force and effect as the decision or judgment of any other tribunal known to our system of jurisprudence." *Guess v. Liberty Mut. Ins. Co.*, supra, p. 582. The *Guess* and *Awbrey* cases did not involve the provision for credit contained in the agreement in this case. If the agreement is res judicata, the provision for credit in the agreement is also res judicata.

In the present case the agreement presented to the court for enforcement contained a provision for credit for wages earned from other employers. The trial court erred therefore in denying the employer's motion to set aside the judgment and in failing to hear evidence tendered to show wages earned by the claimant.

While not applicable to the present case, it should be noted that the *Guess* and *Awbrey* cases were negated in 1968 by the General Assembly amending the Workmen's Compensation Act to provide: " 'Notwithstanding any court decisions

previously rendered construing this Code section, 'change in condition' as used herein insofar as it relates to Code sections 114-404 and 114-405 shall mean solely an economic change in condition occasioned by the employee's return or ability to return to work for the same or any other employer; or inability to work or continue to work for the same or any other employer, which inability is proximately caused by the accidental injury. A Supplemental Memorandum of Agreement as to Payment of Compensation or any other agreement between the claimant and employer duly signed by the parties and approved by the State Board of Workmen's Compensation is, in the absence of fraud, accident, or mistake, conclusive as to such a change in condition. An award of the Board based upon an approved agreement has the same legal effect and dignity as an award of the Board based upon evidence adduced at a hearing of the issues.'" Ga. L. 1968, pp. 1, 8.

The judgment is reversed with direction that the trial court take further action consistent with this opinion and enter judgment in accordance with the terms of the agreement and award presented for enforcement.

The case of *Globe Indem. Co. v. Lankford*, 35 Ga. App. 599 (134 SE 357), is not in conflict with this holding. It held that the board could "not refuse to make a finding as to a change in condition merely because of a prior approved settlement." As to an award of the board being res judicata less credit for wages paid, see *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746, 752 (113 SE2d 611).

*Judgment reversed with direction. Felton, C. J., Bell, P. J., Jordan, P. J., Eberhardt and Deen, JJ., concur. Pannell, Quillian and Whitman, JJ., dissent.*

ARGUED JULY 2, 1968—DECIDED OCTOBER 15, 1968—REHEARING DENIED DECEMBER 4, 1968—

*Anderson, Walker & Reichert, Albert P. Reichert,* for appellants.

*William O. Carter,* for appellee.

QUILLIAN, Judge, dissenting. In *Guess v. Liberty Mut. Ins. Co.*, 219 Ga. 581 (134 SE2d 783), and *Awbrey v. Davis*, 219 Ga. 598 (134 SE2d 785), it was held that, under the provisions

of the Workmen's Compensation Act, when there has been an award of the State Board of Workmen's Compensation granting compensation which has not been modified or the employer's obligation to make payments under the award arrested by an application for a hearing to determine a change of condition, the employee is entitled to continue to receive compensation payments notwithstanding the fact that he has accepted employment from a different employer and is earning a wage which is equal to that which he was receiving at the time of his accident.

The majority opinion is based on the premise that the standard form for agreement as to compensation contained a provision that the employer would receive credit for any week the employee earned a wage which was equal to or in excess of that which he was receiving under the agreement, whether the employee was employed by the same or a different employer. While the writer agrees that the provision in question would be equitable, it is in conflict with the principle estabilshed in the *Guess* and *Davis* cases, supra, and is therefore invalid.

I am authorized to state that Judges Pannell and Whitman concur in this dissent.

PANNELL, Judge, dissenting. I agree with the dissent written by Judge Quillian, but I also have additional reasons why I dissent from the judgment of the present case. The agreement between the claimant and the employer which was approved by the board and on which the majority opinion based its ruling as to res judicata was on a printed form supplied by the board. The provision of the agreement which is the subject matter of the litigation was a part of the printed language on the form supplied by the board. This printed portion is contrary to the decisions of the Supreme Court which are referred to in the majority opinion, and therefore, contrary to the provisions of the Workmen's Compensation Act, that an employer is not entitled to credit for wages paid by another employer. *Code* § 114-111 provides: "No contract or agreement, written, oral, or implied, nor any rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part from any obligation created by this Title, except as herein other-

wise expressly provided." This Code section was construed in *Globe Indem. Co. v. Lankford*, 35 Ga. App. 599 (134 SE 357). The headnote is that case is as follows: "An order of the industrial commission approving a lump-sum settlement between an employee and an employer, reciting that the amount paid or to be paid is equal to the value of the probable future payments and shall be a 'complete settlement of any disability' that the employee 'may now have or in the future may have as a result of the injury sustained,' is not, even when acted upon by the parties, conclusive as to the employee's right to additional compensation within the maximum provided in the compensation act, in the event of a subsequent change in condition on account of which the employee seeks a review of the settlement." It was said in the opinion: "According to our interpretation of the several pertinent provisions of the compensation act (Ga. L. 1920, p. 167), an employee can not be deprived of the compensation to which he is entitled thereunder by any agreement between himself and his employer, notwithstanding its approval by the industrial commission. Section 7 of the act provides, 'That no contract or agreement, written or implied, no rule, regulation, or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this act, except as herein otherwise expressly provided.' Section 19 provides that no agreement of settlement shall be binding unless approved by the commission; but the commission itself is without power to foreclose the rights of the employee upon any terms other than those prescribed in the act. (See sections 43, 44, and 45.) 'The Georgia Industrial Commission is not a court of general jurisdiction, nor even of limited common-law jurisdiction, but it is an industrial commission, made so by express terms of the act of the legislature to administer its provisions as provided therein. As such administrative commission it possesses only such jurisdiction, powers, and authority as are conferred upon it by the legislature, or such as arise therefrom by necessary implication to carry out the full and complete exercise of the powers granted.' *Gravitt v. Ga. Casualty Co.*, 158 Ga. 613 (123 SE 897)." It is my opinion that the rationale of this case applies in the present

case even though the present case is one arising out of an application for judgment rather than an application for hearing on change of condition. Certainly, the language in the printed form supplied by the Board of Workmen's Compensation, pursuant to an illegal rule of that board, is a device condemned by *Code* § 114-111. For these additional reasons I can not agree with the majority ruling.