43871. MAULDIN v. GEORGIA CASUALTY
& SURETY COMPANY et al.

PANNELL, Judge. The claimant, employer and insurance carrier executed a "Standard Form For Agreement As To Compensation" which recited the date of injury as 3/14/67, the date disability began as 3/14/67, and the nature of the injury as a head laceration, the place and cause of the accident, and agreed that the claimant "shall receive compensation at the rate of $37 per week based upon an average weekly wage of $76.31 and that said compensation shall be payable from and

including the 21 day of March, 1967, until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Georgia. *Against the liability for compensation created herein the employer and/or insurance carrier shall receive credit for any week the claimant-employee earns a weekly wage equal to or greater than the average weekly wages stated herein, whether received from the same employer or any other employer."* This agreement was approved by the board April 19, 1967. On the same day a supplemental memorandum of agreement as to payment of compensation was approved by the board which recited that the employee had returned to work on the 4th day of April, 1967, at the same weekly wage and "that liability for temporary total disability ceased on that date." Another supplemental memorandum of agreement as to payment of compensation was approved by the board on June 12, 1967. This agreement recited that the employee "became totally disabled on the 21st day of April, 1967, after he had returned to work on the 4th day of April, 1967, and that the parties "further agree to pay and to accept compensation beginning with the said 21st day of April, 1967, at the rate of $37 per week until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Georgia." There was no provision in the agreement relating to credits when working for another employer. A supplemental agreement recited that claimant returned to work on May 31, 1967, at the same weekly wage "and that liability for temporary total disability ceased on that date." This agreement was also agreed to by the board on June 12, 1967. On August 2, 1967, the employer and insurance carrier applied for a hearing based upon change of condition. The findings of fact of the single director and his award are as follows: "After careful review of the evidence I find as a matter of fact that claimant returned to work on July 31, 1967, as a carpenter and has earned as much, or more, money than he was earning at the time of his injury. The medical testimony shows that claimant has had other problems, including alcohol and incarceration which resulted in pneumonia, but he apparently still has difficulty as a result of this accident and injury. I therefore find that claimant is no longer totally disabled and has undergone a change in his condition for the better. He is now earning as much, or more than, he was

earning at the time of the injury and compensation payments should cease, under the agreement, on August 2, 1967. Wherefore, based upon the above and foregoing findings of fact and conclusions of law, Lee Wright, vendor to Verdery Pulpwood Company, employer, and/or Georgia Casualty and Surety Company, insurer, are hereby authorized and directed to cease payments of compensation to Leon Mauldin, employee-claimant, on August 2, 1967. The employer and/or insurer are further directed to pay all reasonable and necessary medical expenses incurred by the claimant as a result of his injury, within the limits of the Act." The full board adopted the findings of fact and the award of the single director, and on appeal to the superior court, this award was affirmed and the claimant appeals. *Held:*

1. Prior to the Act approved February 9, 1968 (Ga. L. 1968, pp. 3, 7) amending *Code* § 114-709 (Section 5 of the Act) so as to provide that "Notwithstanding any court decisions previously rendered construing this Code section, 'change in condition' as used herein insofar as it relates to Code sections 114-404 and 114-405 shall mean solely an economic change in condition occasioned by the employee's return or ability to return to work for the same or any other employer; or inability to work or continue to work for the same or any other employer, which inability is proximately caused by the accidental injury." The employer and insurance carrier were entitled to credit as against the compensation for wages paid by the original employer in whose employment the injury occurred. See *Awbrey v. Davis,* 219 Ga. 598 (134 SE2d 785); *Simpson v. Travelers Ins. Co.,* 117 Ga. App. 43 (159 SE2d 294); *Guess v. Liberty Mut. Ins. Co.,* 219 Ga. 581 (134 SE2d 783). Since the present case involved compensation arising out of an award prior to the Act of 1968, the Act of 1968, not being retroactive, does not apply thereto. Whether a different ruling would result, if it were applicable, we do not decide. See in this connection *U. S. Fidel. &c. Co. v. Gibby,* 118 Ga. App. 758 (165 SE2d 455).

2. While the provision in the agreement approved by the board on April 19, 1967, may have been res judicata as to the right to receive credit based upon wages earned by claimant from another and different employer (*U. S. Fidel. &c. Co. v. Gibby,* 118 Ga. App. 758, supra), there appears to have been another and *subsequent award* by the board on June 12, 1967, pro-

viding for compensation beginning at a subsequent date "until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Georgia." If the first award be res judicata, this latter award is res judicata, it not having been appealed from, and, being subsequent to the first, it will be controlling.

3. At the hearing had upon the employer's application for hearing based upon change in condition, there was sufficient evidence to authorize a finding that the claimant was not totally disabled on August 2, 1967. However, neither the director nor the board made any finding as to whether there was a partial disability, or no disability; but apparently based their decision solely on the finding that claimant was earning the same wages, or more, than he was earning at the time of his injury; and failed to note that the uncontradicted evidence showed that the claimant, in some weeks between the time of the application for hearing and the time of the hearing, earned less than his average weekly wage at the time of his injury. There was evidence which might have authorized a finding that the lower wage, or the absence of wages in some of the weeks, may have been caused by the disability. As was said in *Liberty Mut. Ins. Co. v. Goins,* 96 Ga. App. 887, 890 (101 SE2d 920): "Under the above Code section [*Code* § 114-405, as amended], the only method of computing the claimant's compensation is 60 percent of the difference between his average weekly wages prior to the injury and the average weekly wages he was able to earn thereafter (but not to exceed [$30] per week. *Austin Bros. Bridge Co. v. Whitmire,* 31 Ga. App. 560 (121 SE 345); *American Mutual Liability Ins. Co. v. Hampton,* 33 Ga. App. 476 (127 SE 155). The only formula for determining this difference is to compare his average weekly wages prior to the injury with wages earned each individual week thereafter until the time of the hearing. This is true because he may have earned varying amounts during the period prior to the hearing. If there are periods of unemployment, through no fault of the claimant, due to the injury, then he would be entitled to temporary total disability for this period. *Lumbermen's Mutual Cas. Co. v. Cook,* 69 Ga. App. 131 (2) (25 SE2d 67)." The case is therefore remanded to the Board of Workmen's Compensation with direction that they make findings whether the claimant was either partially disabled or suffered from no

disability, and whether the decrease in earnings in the weeks when claimant earned less than his average weekly wage at the time of the injury was caused by such disability, and make an award accordingly.

*Judgment reversed with direction. Jordan, P. J., concurs. Deen, J., concurs in the judgment only.*

SUBMITTED SEPTEMBER 9, 1968—DECIDED JANUARY 6, 1969—REHEARING DENIED MARCH 18, 1969.

*William O. Carter,* for appellant.
*Quillian & Quillian, Alfred A. Quillian,* for appellees.