26049. MARTIN v. GENERAL MOTORS CORPORATION, FISHER BODY DIVISION.

Argued September 14, 1970—Decided November 5, 1970.

*Swift, Currie, McGhee & Hiers, Charles L. Drew, Robert L. Cowles,* for appellant.

*King & Spalding, R. William, Ide, III,* for appellee.

Mobley, Presiding Justice.    Frank H. Martin obtained a judgment against General Motors Corporation in Fulton Superior Court, in the amount of $3,810, under the provisions of ᴵCode § 114-711, for accrued workmen's compensation benefits through October 31, 1967, on agreements entered into between the parties in 1958, for an injury received by the claimant on March 15, 1958.    Notice of the judgment was served on the employer.

During the same term of court in which the judgment was entered, the employer filed a motion to set aside the judgment and enjoin further proceedings.    The claimant moved to strike this pleading as failing to state a legal defense or any legal ground for relief.    The motion to set aside was amended, and equitable grounds were alleged.    After a hearing, the trial judge remanded the case to the Board of Workmen's Compensation for further findings of fact, retaining jurisdiction of the case. The claimant appealed from this order, and this court dismissed the appeal as being premature.    *Martin v. General Motors Corp.,* 224 Ga. 677 (164 SE2d 107).

After a hearing, the Board of Workmen's Compensation made findings of fact and conclusions of law, and held that it could give the employer no credits against the judgment.    Thereafter the judge of the superior court entered an order holding that

"the facts in the record" required that the judgment be set aside, and it was set aside.

The claimant appealed from this judgment, asserting that the court erred in setting aside the judgment on the employer's motion to set aside; that it was error to allow credits against the judgment; and that reasonable attorney's fees should have been allowed him.

■ The claimant (appellant here) urges that under the Civil Practice Act a motion to set aside must be predicated upon some nonamendable defect appearing upon the face of the record or pleadings, and that the notice to set aside, asserting equitable defenses to the compensation judgment, was not an available method of attacking the judgment. The motion to set aside was brought in the court rendering the judgment, and notice was effected by rule nisi.

The Civil Practice Act (Ga. L. 1966, pp. 609, 662; Ga. L. 1967, pp. 226, 239, 240; *Code Ann.* § 81A-160) provides that a judgment void on its face may be attacked in any court by any person, and that in all other instances, "judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods hereinafter prescribed." These methods are by motion for new trial, motion to set aside, or complaint in equity. A motion to set aside must be predicated upon some nonamendable defect appearing upon the face of the record or pleadings. A complaint in equity must proceed by complaint and summons.

It has always been the rule in this State that where a judgment is not based on the verdict of a jury, but is the act of the judge, it is in the breast of the court during the term in which it is rendered, and in the exercise of a sound discretion, the judge may set it aside. *Walton v. Jones,* 53 Ga. 91; *Dover v. Dover,* 205 Ga. 241 (1) (53 SE2d 492). Where a meritorious motion is made to set aside a judgment during the term in which it is rendered, the proceeding may be entertained on motion made in the case, even though the motion is not based on a defect appearing on the face of the record. *Allen v. Allen,* 218 Ga. 364 (127 SE2d 902). These principles have not been changed by the Civil Practice Act, since the power of

the court to change its judgment during the term in which it is rendered is an inherent power.

The trial judge had a right to consider the motion to set aside filed in the present case at the term in which the judgment was rendered.

■ The employer asserted in its motion to set aside that: (1) The claim for compensation benefits during the period from June 20, 1966, through October 31, 1967, is barred because the maximum period of benefits is 400 weeks. (2) The claimant is barred by the two-year statute of limitation under *Code Ann.* § 114-709, in that he did not assert his claim for disability within two years of the date the Workmen's Compensation Board was notified of the final payment of the claim on September 15, 1958. (3) During the identical periods for which the claimant seeks compensation benefits, he applied to the employer for, and collected, disability payments in excess of the statutory weekly compensation benefits upon his signed statement that the disability was not due to his employment. During the periods claimed in the petition for judgment for compensation benefits, he was no longer disabled as a result of the original injury. The claimant's assertion that his disabilities did not arise out of his work or on his job when applying for disability benefits misled the employer into paying the disability benefits to him, which would not have been done had the employer known that the claimant would subsequently claim that the periods were compensable because the disability was caused by his employment. The claimant is estopped from claiming that his periods of disability are compensable, since he heretofore stated that they were not, and wilfully misled the employer, at a time when it could have asked for a hearing on the question of the claimant's condition.

From the record it appears that the claimant was an employee of General Motors during all the period of time between the date of the 1958 injury and the date of the judgment obtained by him, which has been set aside. In his petition for judgment the claimant did not attempt to recover for periods of time when he worked, but he claimed compensation benefits for those periods of time when he was prevented from working

by disabilities which, he admits, were not caused by his employment.

In September, 1958, a compensation settlement receipt was filed with the Workmen's Compensation Board, signed by the claimant, acknowledging receipt in full of compensation for his injury. In accordance with the practice at that time, no approval of the board was entered on this receipt. Nothing further was filed with the board pertaining to this injury, and no hearings were held on change of condition.

When the matter was remanded to the board in connection with the motion to set aside the judgment, the board heard evidence and held that under the decisions of the appellate courts, it could allow no credits to the employer on the 1958 award made to the claimant, although the board considered this an unjust disposition of the case. The board correctly applied decisions of this court and the Court of Appeals in this holding. See *Guess v. Liberty Mut. Ins. Co.*, 219 Ga. 581 (134 SE2d 783); *Bituminous Cas. Corp. v. Vaughn*, 103 Ga. App. 660 (120 SE2d 190); *Employers Mut. Liab. Ins. Co. v. Derwael*, 105 Ga. App. 54 (123 SE2d 345); *Nation v. Pacific Employers Ins. Co.*, 112 Ga. App. 380 (3) (145 SE2d 265).

The trial judge of Fulton Superior Court in determining the issue made by the motion to set aside had for consideration the assertion of an equitable estoppel against the claimant obtaining a judgment on the 1958 settlement agreements, which the Board of Workmen's Compensation did not have jurisdiction to consider.

*Code* § 38-116 provides: "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury."

The record shows that in each instance when the claimant was unable to work because of illness, he made application for disability insurance benefits to the employer's agent administering its insurance program for its employees, and made written replies in the negative to the written questions submitted to him as to whether the illness was caused by his employment,

until in January, 1967, he claimed a new injury caused by his work. The employer would not have paid the insurance benefits to the claimant if it had known that he would subsequently claim that the periods were compensable under workmen's compensation laws.

The signing of the receipt by the claimant in September 1958, acknowledging full payment of his claim for compensation (which was filed with the Workmen's Compensation Board); and his repeated denials of any connection with his work in subsequent illnesses, lulled his employer into inaction, causing it to fail to have the compensation agreements terminated. Such conduct was sufficient to estop the claimant from obtaining a judgment on the 1958 settlement agreements for absences from work caused by illnesses not connected with his employment.

The trial judge did not abuse his discretion in setting the judgment aside.

*Judgment affirmed. Grice, Undercofler and Felton, JJ., and Judge Osgood O. Williams, concur. Nichols and Hawes, JJ., dissent. Almand, C. J., disqualified.*

NICHOLS, Justice, dissenting. In *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746 (1) (113 SE2d 611) it was held: "Where an award of compensation is made under the Workmen's Compensation Law, whether by agreement of the parties approved by the board, or by an award of the board, the sole provision of law for further consideration of the case is a review by the board based upon a change in condition." Thus it is well settled that the original award was binding on the employer in the present case.

It is also well settled that the employer is entitled to credit against the weekly compensation due for each week that wages were paid to the employee during the existence of such award. Compare *Complete Auto Transit, Inc. v. Davis*, 106 Ga. App. 369 (1) (126 SE2d 909) where it was held: "Although an employee who is receiving compensation payments under an agreement approved by the Board of Workmen's Compensation, or under an award of the board, continues to be entitled to such payments after he returns to work until and unless a change in or discontinuance of payments is authorized by order

of the board, or until the statutory amount has been paid in full, or a final settlement receipt has been filed with and approved by the board, when the employee returns to his job or to a different job with his employer, the employer is entitled to a credit for wages paid during the period of re-employment."

In the present case the employee returned to work and was later absent from work. He was entitled to payments of workmen's compensation under the original award whether the absence was due to other illness, or even if he merely decided to take a fishing trip, or work for another employer. See *Guess v. Liberty Mut. Ins. Co.*, 219 Ga. 581 (134 SE2d 783).

The original award was binding, the judgment was entered on this award, and credit was properly allowed for those weeks when wages were paid. The employer, if it contended the disability had ceased, should have had a new award entered stopping its liability on the original award.

The employee did nothing that could lull the employer into a belief that it was not bound to pay him under the original award and under the decision in *Hicks v. Hicks*, 226 Ga. 798, even if it could be said that the judgment was in the breast of the court under such circumstances, the trial court was without authority to set the judgment aside since as stated in the Civil Practice Act (*Code Ann.* § 81A-160 (e)) to set aside a judgment under the equitable powers of the court it must have been obtained by "fraud, accident or mistake or the act of the adverse party *unmixed with the negligence or fault of the complainant.*" (Emphasis supplied.) The sole reason that the award had been allowed to stand was the negligence of the employer in failing to ask for and receive a new award based upon change in the claimant's condition when he returned to work.

I am authorized to state that Justice Hawes concurs in this dissent.