45890, 45891. REEVES v. ECHOTA COTTON
MILLS; and vice versa.

Submitted January 5, 1971—Decided April 14, 1971.

*Mitchell & Mitchell, Warren N. Coppedge, Jr.,* for appellant.

*Chance & Maddox, R. F. Chance,* for appellee.

BELL, Chief Judge. ■ Under *Code Ann.* § 114-405 the formula for computing compensation is 60 percent of the difference between the claimant's average weekly wages prior to the injury and the average weekly wages he is able to earn thereafter, but not more than $39. A claimant for workmen's compensation benefits is not entitled to compensation for a period in which he is capable of earning more than his average weekly wages prior to injury. *Liberty Mut. Ins. Co. v. Goins,* 96 Ga. App. 887, 891 (101 SE2d 920). Disability in the Workmen's Compensation Law means impairment of earning capacity. *St. Paul Fire &c. Ins. Co. v. Harris,* 118 Ga. App. 352 (163 SE2d 833). Applying these rules to the facts of this case, the claimant, even though, because of his partial disability, he is working longer hours at a lesser hourly rate, nonetheless had an earning capacity at the time of hearing in excess of his average weekly wages prior to the original injury. He is not entitled by law to any differential compensation under *Code Ann.* § 114-405. The stipulation of the parties cannot change the law. The judgment of the superior court affirming the award of the deputy director must be affirmed on the main appeal.

■ An agreement fixing compensation between the employer and employee, approved by the Workmen's Compensation Board, and not appealed from, is res judicata as to matters determined, and the parties are precluded from thereafter contradicting or challenging the matters agreed upon. *Aetna Ins. Co. v. Gipson,* 104 Ga. App. 108, 110 (121 SE2d 256). The approved compensation agreement between the parties following the original injury is res judicata of the fact that his average weekly wage was $108 as recited in the agreement. Under the doctrine of res judicata, the deputy director correctly refused to permit the employer on the change of condition hearing to contradict or challenge the matter of the claimant's average weekly wage prior to the injury which formed the basis for the compensation awarded to claimant for total incapacity.

■ It was not error for the deputy director to refuse to consider evidence that claimant and employer were discussing a lump sum settlement prior to the employer's request for a change of condition hearing. Evidence of discussion of settlement does not have any materiality or relevancy to the issues of this case.

■ The deputy director found as facts that claimant underwent a physical change in condition on January 2, 1970, and from that date forward his physical condition permitted his resumption of work insofar as work would not involve bending or heavy lifting; that from the January date until April 6, 1970, claimant remained totally incapacitated for work with defendant (in spite of his then improved physical condition) due to a misunderstanding of instructions by the treating physician and later from a condition precedent to re-employment attached by defendant, to wit: dismissal of counsel by claimant; and that because of these circumstances and due to the likelihood of claimant's re-employment immediately upon solution of a misunderstanding precipitated by management, the deputy found it unreasonable that claimant should have sought or accepted other employment during the interval from January 2, 1970, to but not including April 6, 1970. The employer was directed to continue payments for this time span for total incapacity to work pursuant to the terms of the original approved agreement. The findings concerning the physician's instructions and the dismissal of counsel are supported by claimant's testimony. The defendant does not quarrel with that part of the award which requires payment of compensation for total incapacity from January 2, 1970, to at least about February 18, 1970, when, according to claimant's testimony, he was offered re-employment on the condition he discharge his attorney. Although a representative of the employer denied that this condition was made a part of the offer, there is some evidence to support the finding. Where a claimant has a period of unemployment resulting from the injury and due to no fault of the claimant, he should be awarded compensation for total disability during this period. *Liberty Mut. Ins. Co. v. Goins*, 96 Ga. App. 887, 890, supra. It is apparent that claimant's retaining counsel was brought about by his injury. He cannot be held to be at fault for not returning to work for the defendant by accepting this improper condition of

re-employment. The retention of counsel is a basic right of any citizen, and to hold that under these circumstances he was not entitled to continuation of compensation payments, even though he may have been able to obtain employment elsewhere would be to condone a coercive practice. This court will not do that. The employer further contends that claimant is only entitled to compensation under the previous agreement to the date of application for hearing on a change of condition, February 25, 1970. While the filing for a hearing on a change of condition will permit the employer to stop the payment of compensation, this does not preclude the award of continuing payments under a prior approved agreement during the period at issue after hearing and adjudication. *Employers Mut. Liab. Ins. Co. v. Derwael,* 105 Ga. App. 54 (123 SE2d 345).

*Judgment affirmed on the main appeal and on the cross appeal. Pannell and Deen, JJ., concur.*