26454. NATIONAL ENGINE REBUILDING COMPANY v. NOLES.

SUBMITTED APRIL 14, 1971—DECIDED MAY 6, 1971—
REHEARING DENIED MAY 20, 1971.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellant.

*Gilbert & Carter, Fred A. Gilbert,* for appellee.

MOBLEY, Presiding Justice. This appeal is from the dismissal of an equitable complaint filed by National Engine Rebuilding Company (employer) against Robert L. Noles (claimant).

On June 18, 1970, the State Board of Workmen's Compensation entered an award in favor of the claimant for injuries received on May 23, 1966, finding that the termination date for the compensation payments was March 27, 1968.

In its complaint the employer contends that the board in making this award refused to give effect to a stipulation entered into between the parties on August 19, 1966, in which it was agreed that the disabilities terminated on July 18, 1966, because the claimant has withdrawn his approval of the stipulation. The employer asserts that it has relied in good faith upon this stipulation, and that the court should adjudge that the stipulation is binding on the claimant as to the termination date of benefits.

The complaint shows that within 30 days after the stipulation of August 19, 1966, was approved by the board and an award entered thereon, the claimant appealed to Fulton Superior Court, where the award was set aside. On appeal, the Court of Appeals held that the stipulation was not binding on the claimant. *National Engine Rebuilding, Inc. v. Noles,* 116 Ga. App. 762 (159

SE2d 178) (certiorari denied). In a subsequent appearance of the case before the Court of Appeals, it was held that the claimant had a right to withdraw the stipulation from the record. *Noles v. National Engine Rebuilding Co.*, 119 Ga. App. 833 (169 SE2d 185) (certiorari denied).

Under these rulings by the Court of Appeals, it is the law of the case that the stipulation had no binding effect, and that it could be withdrawn from the record. The employer has no other basis for his claim for equitable relief except the alleged improper withdrawal of this stipulation, and the complaint shows no claim on which relief can be granted.

The case of *Martin v. General Motors Corp.*, 226 Ga. 860 (178 SE2d 183), was decided on entirely different facts from those in the present case, and that case is not authority for the employer's position in the present case.

The trial judge properly dismissed the complaint.

*Judgment affirmed. All the Justices concur.*