46428. KING v. PACIFIC EMPLOYERS INSURANCE COMPANY et al.

QUILLIAN, Judge. Appellant, Etta King, hereinafter referred to as the claimant, and Sweetwater Rug Corporation, hereinafter referred to as the employer, made and entered into an agreement to pay compensation under the terms and provisions of the Workmen's Compensation Act of Georgia, for an injury which the claimant received on November 16, 1967.

On the 18th day of December 1969, the employer and the insurance carrier filed a request for hearing before the State Board of Workmen's Compensation on the matter of a change in condition.

After hearing evidence on the 18th day of February 1970, presented on behalf of the employer and insurance carrier, the deputy director found that claimant had undergone a change in condition effective August 11, 1969, from total disability and was entitled to compensation under the provisions of *Code Ann.* § 114-405 (Ga. L. 1949, pp. 1357, 1358; 1955, pp. 210, 211; 1963, pp. 141, 146). The above 1963 statute, which was in effect at the time of the injury and is controlling in this case (*Mc-Mullen v. Liberty Mut. Ins. Co.,* 119 Ga. App. 410 (167 SE2d 360)), states that the claimant would be entitled to 60% of the difference between his average weekly wages before injury and the average weekly wage which he is able to earn thereafter, not to exceed $30 per week. However, the award in the present case has no finding of fact as to what the claimant's wages have been subsequent to the injury and therefore no calculation can be made as to the compensation to which the claimant is entitled. *Liberty Mut. Ins. Co. v. Goins,* 96 Ga. App. 887, 890

(101 SE2d 920); *Mallory v. American Cas. Co.*, 116 Ga. App. 477 (2) (157 SE2d 775); *Mauldin v. Ga. Cas. &c. Co.*, 119 Ga. App. 406 (3) (167 SE2d 371).

*Judgment reversed with direction to remand to the State Board of Workmen's Compensation for further action consistent with this opinion. Jordan, P. J., and Evans, J., concur.*

Submitted September 13, 1971—Decided October 8, 1971—Rehearing denied November 5, 1971.

*Wade H. Leonard,* for appellant.

*McCamy, Minor, Phillips & Tuggle, J. T. Fordham,* for appellees.