### 31663. DEPARTMENT OF TRANSPORTATION v. KENNEY et al.

JORDAN, Justice.

The Department of Transportation brought a condemnation action in rem against described land,

William F. Kenney, and others, under Code Ann. § 95A-603 et seq. (Ga. L. 1973, pp. 947, 1009), and deposited $19,700 in court as estimated just compensation for the property taken. The condemnees appealed to a jury, and the jury awarded them $40,538. Judgment was entered on July 1, 1976, in favor of the condemnees for the difference between the amount paid into court and the award of the jury, with interest.

On July 20, 1976, the condemnees filed a motion for modification of the judgment to include the award of attorney fees and expenses of litigation in accordance with the decision of this court in *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385), decided July 15, 1976. No prior claim for attorney fees and expenses of litigation had been made.

The trial judge entered an order in which he found that the motion to modify was filed during the term in which the judgment was rendered, and the judgment could be revised or modified. He modified the judgment to provide that, in addition to the sum set forth therein, the condemnees are entitled to recover attorney fees and reasonable and necessary expenses of litigation, provided a jury makes an affirmative determination that the condemnees are entitled to these fees and expenses. It was ordered that this issue be presented to a jury.

The Department of Transportation appeals the modification of the judgment. In its enumeration of errors it seeks a redetermination of the issue decided by this court (in a divided opinion with a superior court judge sitting for a disqualified Justice) in *White v. Ga. Power Co.,* 237 Ga. 341 (1), supra; and it makes several constitutional questions on the trial judge's application of the rule in the *White* case to it. It also contends that the judge had no right to modify the judgment, which was based on a jury verdict. Since we agree with the latter contention, it is unnecessary to consider the other questions made.

The rule that a trial judge, in the exercise of a sound discretion, has the authority to amend, revise, modify, or set aside a judgment during the term in which it is rendered is not applicable to a judgment based on a jury verdict. *Walton v. Jones,* 53 Ga. 91 (1874); *East Side*

*Lumber &c. Co. v. Barfield,* 193 Ga. 273, 277 (18 SE2d 492) (1942); *Cofer v. Maxwell,* 201 Ga. 846 (41 SE2d 420) (1947); *Hunter v. Gillespie,* 207 Ga. 574 (63 SE2d 404) (1951); *Allen v. Allen,* 218 Ga. 364, 365 (127 SE2d 902) (1962); *Barrett v. Manus,* 219 Ga. 693, 694 (135 SE2d 430) (1964); *Martin v. General Motors Corp.,* 226 Ga. 860, 862 (178 SE2d 183) (1970); *Pekor v. Clark,* 236 Ga. 457 (1) (224 SE2d 30) (1976); *Ga. R. &c. Co. v. Hamer,* 1 Ga. App. 673 (1) (58 SE 54) (1907); *Stamps Tire Co. v. Powers,* 104 Ga. App. 860 (123 SE2d 203) (1961); *Cox v. LeRoy,* 130 Ga. App. 388 (2) (203 SE2d 863) (1973); *Rothstein v. Brooks,* 133 Ga. App. 52 (4) (209 SE2d 674) (1974).

The trial judge in the present case had no authority to modify the judgment based on the verdict of the jury by ordering the presentation to another jury of the issue of whether the condemnees were entitled to additional compensation for attorney fees and expenses of litigation.

*Judgment reversed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only, and Undercofler, P. J., who dissents.*

ARGUED NOVEMBER 9, 1976 — DECIDED JANUARY 6, 1977.

*Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General, Marion O. Gordon, Senior Assistant Attorney General,* for appellant.

*Dillard & Shearer, George P. Dillard,* for appellees.

*Huie, Ware, Sterne, Brown & Ide, W. Stell Huie, R. William Ide, III, Lawrence L. Thompson, Jay L. Levin,* amicus curiae.