31812. DEPARTMENT OF TRANSPORTATION v. MOYERS et al.

UNDERCOFLER, Presiding Justice.

Enumerations of error 1 - 15 in this case are identical to those addressed in Case No. 31810, *Dept. of Transportation v. Doss,* 238 Ga. 480. As decided therein they are found to be without merit.

Appellant raises two additional challenges. They arise upon the following facts: The case was originally tried and a verdict rendered on July 1, 1976. Judgment on the verdict was entered on July 7, 1976. The verdict and judgment did not include a finding that attorney fees and litigation costs should be awarded. The trial court refused to submit these issues to the jury although the condemnees insisted thereon. This court's decision in *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385) authorizing attorney fees and litigation costs in condemnation cases was rendered on July 15, 1976, and the motion for rehearing denied July 27, 1976. On August 5, 1976, the trial court issued a rule nisi on condemnees' motion for judgment n. o. v. or in the alternative an order setting aside and/or modifying the verdict and judgment to include attorney fees and to grant a new trial on the issue of attorney fees, condemnees' motion to amend the judgment nunc pro tunc to provide for attorney fees and litigation costs, and condemnees' motion to recall the jury to determine whether attorney fees and litigation costs should be awarded. After hearing the trial court denied all of condemnees' motions except the motion to impanel a jury for the specific purpose of deciding whether attorney fees and litigation costs should be awarded. Thereafter a jury was convened and evidence introduced. The jury recommended additional damages and the trial court entered judgment for attorney fees and litigation costs.

Appellant contends that the trial court erroneously modified a judgment based upon a jury verdict. It claims also that the trial court erroneously entered a judgment in favor of condemnees for attorney fees and litigation costs because condemnees' motions for a new trial and judgment n.o.v. were denied and thus the first judgment

was res judicata.

We find no error. The procedure directed by the trial court conforms to the procedure ordered by this court in *White v. Ga. Power Co.,* supra. *Dept. of Transportation v. Kenney,* 238 Ga. 173, is inapposite. In that case the issue of attorney fees and litigation costs was not preserved, as in the *White* case and as here, before the first trial.

*Judgment affirmed. All the Justices concur, except Gunter, Jordan and Hall, JJ., who dissent.*

ARGUED JANUARY 12, 1977 — DECIDED FEBRUARY 8, 1977 — REHEARING DENIED MARCH 1, 1977.

*Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General, Edward B. Liles,* for appellant.

*Hutto, Palmatary, Boshears & Magda, Jack S. Hutto, Edward E. Boshears,* for appellees.