55258. PLY-MARTS, INC. et al. v. MARTA et al.

WEBB, Judge.

This case originated as a condemnation action filed by DeKalb County to acquire property for MARTA. Following the award of the special master, Ply-Marts and MARTA appealed for a de novo jury trial, which ended in a mistrial in February, 1976. A second trial resulted in a

jury verdict and judgment on June 18, 1976, from which MARTA filed a timely appeal to this court and which we affirmed. *MARTA v. Ply-Marts, Inc.*, 144 Ga. App. 482 (1978).

On July 15, one day prior to the filing of MARTA's appeal to the jury verdict, the Supreme Court entered its decision in *White v. Ga. Power Co.*, 237 Ga. 341 (227 SE2d 385) (1976), announcing that henceforth attorney fees and expenses of litigation were recoverable as part of just and adequate compensation in condemnation cases. On July 22, Ply-Marts filed a motion to empanel a jury pursuant to guidelines established in *White,* to determine whether it was entitled to recover reasonable attorney fees and expenses of litigation. The trial court denied the motion, Ply-Marts appeals, and we affirm.

The order recites that during the February trial which ended in a mistrial, Ply-Marts contended that it should be awarded attorney fees and expenses of litigation, but that this request was denied. Ply-Marts now asserts that "all issues previously ruled upon were carried over in the second trial by pre-trial stipulation." The order appealed from, however, states only that "[d]uring a conference with counsel for both plaintiff and defendant immediately prior to the second trial of the case in June, 1976, the court announced that its ruling on all issues raised in the case would be the same as they had been in the first trial."

No "pre-trial stipulations" appear in the transcript or record and the issue of attorney fees and expenses was not raised again in the second trial. While certain matters were resolved by stipulation of the parties during the trial, this issue was not among them. After inquiry by the trial court as to whether there were "any other stipulations for the record," counsel for Ply-Marts responded, "I think that is all." No request was submitted to instruct the jury on the issue of attorney fees and expenses of litigation, and while Ply-Marts objected to the court's failure to give certain charges, no objection was made on the failure to instruct the jury on this issue.

Ply-Marts filed no motion for new trial, motion for partial judgment notwithstanding the verdict or notice of appeal. After MARTA filed its appeal, no cross appeal

was filed. The motion to empanel a jury is the only pleading filed or appearing in the record regarding attorney fees and expenses of litigation, and this pleading was filed more than 30 days after the entry of the jury verdict and judgment.

The case at bar is therefore controlled by *Dept. of Transportation v. Kenney,* 238 Ga. 173 (231 SE2d 767) (1977). The condemnees there received a jury award on July 1, 1976. On July 20, they filed a motion for modification of the judgment to include attorney fees and expenses of litigation in accordance with *White v. Ga. Power Co.,* supra. No prior claim had been made. The trial judge modified the judgment to provide that the condemnees could recover an additional award for attorney fees and expenses and ordered the issue to be presented to a jury. The Supreme Court reversed, holding that "The rule that a trial judge, in the exercise of a sound discretion, has the authority to amend, revise, modify, or set aside a judgment during the term in which it is rendered is not applicable to a judgment based on a jury verdict. [Cits.] Ibid. p. 174.

Since Ply-Marts failed to raise or preserve the attorney fee-expenses of litigation issue during the jury trial, the court properly held that it could not modify the judgment by empaneling a special jury in accordance with the motion. Compare *Dept. of Transportation v. Moyers,* 238 Ga. 489 (233 SE2d 149) (1977).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED FEBRUARY 6, 1978 — DECIDED FEBRUARY 24, 1978 — REHEARING DENIED MARCH 10, 1978 — CERT. APPLIED FOR.

*Haas, Holland, Levison & Gibert, Richard N. Hubert,* for appellants.

*Kutak, Rock & Huie, Charles N. Pursley, Jr., Terrence Lee Croft,* for appellees.

ON MOTION FOR REHEARING.

Quoting Jeremy Bentham, the appellant on motion for rehearing, accuses this court of making it the victim

of "dog law,"[1] and asks that we overrule *Dept. of Transportation v. Kenney,* 238 Ga. 173 (231 SE2d 767) (1977). We are unable to overrule decisions of the Supreme Court.

*Motion for rehearing denied.*