## 32885.  HOOD *v.* JACKSON.

WORRILL, J.  1.  The motion to dismiss the bill of exceptions on the ground that it does not specify any portion of the record as material to a clear understanding of the case is without merit since all of the evidence and copies of the award of the State Board of Workmen's Compensation and rulings of the court are attached to the bill of exceptions certified to this court as exhibits, and a clear understanding of the errors complained of can be had without reference to any portion of the record. See Code, § 6-1403.

2. Where in a compensation case upon the hearing before the single director of the State Board of Workmen's Compensation, the attorney for the claimant stated, "I think that the defense will also agree that he had ten or more employees, regularly," and where the director replied, "He has already agreed to that," and where the record does not show that any objection or exception was taken to such statements by the employer or his counsel, who were present at the hearing, this court will presume that such was the agreement of the parties or their counsel, and in the absence of some showing to the contrary will accept such statements appearing in the record as sufficient to support a finding that the employer was subject to the act at the time the employee was injured.  Code, §§ 114-101, 114-107.

3. Under the act of 1945 (Ga. L. 1945, p. 486; Code, Ann. Supp., § 114-402), the burden of proof is on the claimant to establish by sufficient competent evidence the basis upon which his compensation is to be computed.  Where the employee testified: "I didn't work but one day, the day I got hurt.  I got hurt about five o'clock.  He paid me for a full week.  Later I thought he was just paying—just time for a Christmas present.  He did give me twenty-six dollars"; and later testified: "My payroll was twenty-six dollars.  He paid me like he always did," and this was all the evidence contained in the record relating to the wage rate of the employee, and where the evidence in the record tended to show that the employee-claimant had been working for the employer about eight years—the evidence was insufficient to establish whether the employee had or had not actually worked for the employer during substantially the whole of 13 weeks immediately preceding the injury, and, if so, what the total wages paid him during such 13-week period were, so as to enable the director to compute the compensation on the basis provided for under subsection (1) of the above cited Code

section, and there being no evidence that the employee had *not* worked in such employment during substantially the whole of 13 weeks immediately preceding the injury and no evidence relating to the wages of similar employees in the same employment over such period, so as to enable the director to compute the compensation on the basis of subsection (2) of the said Code section, and the burden being upon the employee to show that he does not come within the provisions of those two subdivisions before his compensation may be computed on the basis of his full-time weekly wage as provided for in subsection (3), and the evidence was insufficient to authorize the director to make any finding as to the wages of the claimant as a basis for fixing the rate of compensation, and for this reason the superior court erred in not remanding the case to the State Board of Workmen's Compensation in order that the board might hear evidence as to the wage rate of the claimant and fix the rate of compensation on the basis of one of the methods provided for by the act and Code section referred to.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*

DECIDED APRIL 28, 1950.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.
*John M. Watts Jr., Frank O. Evans,* contra.