## 33986. HOOD v. JACKSON.

FELTON, J. In a prior-hearing of this case (*Hood v. Jackson*, 81 *Ga. App.* 465, 59 S. E. 2d, 45), this court reversed the lower court and the remittitur to the lower court read: ". . . it is considered and adjudged that the judgment of the court below be reversed because the judge of the superior court erred in not remanding the case to the State Board of Workmen's Compensation in order that the board might hear evidence as to the wage rate of the claimant." Upon receipt of the remittitur by the lower court, the judge, after quoting the remittitur, entered the following order: ". . . It is, on motion of counsel for plaintiff in error, ordered and decreed, that said judgment of Court of Appeals of Georgia be entered on minutes of this court, as judgment of this court." A "certified copy of said remittitur was mailed to the State Board of Workmen's Compensation," which in turn set a date for a hearing on evidence as to the wage rate of the claimant, and notified all parties thereof. On the hearing the plaintiff in error was present, but refused to introduce evidence on the ground that the board was without jurisdiction to entertain such hearing because the lower court had failed, in its order making the judgment of this court the judgment of the lower court, to remand the case to the board. The claimant introduced evidence as to the wage rate and an award was based thereon. *Held*: The court's making the judgment of this court the judgment of the lower court and transmitting a certified copy of the remittitur to the board was tantamount to entering an order remanding the case to the board for the hearing of further evidence on the question of the claimant's wage rate. and by virtue of this the board had jurisdiction to hold such hearing.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*

DECIDED MARCH 19, 1952.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.
*James M. Watts Jr., Frank O. Evans,* contra.