42089.   TRAVELERS INSURANCE COMPANY et al. v.
FLOYD.

PANNELL, Judge.   1. Where, as in the present case, an agreement is entered into between the insurance carrier and a claimant employee which agreement shows the claimant suffered a "back injury" arising out of and in the course of his employment and that "disability" began on the date of injury, and agreeing to pay and to receive compensation of $36 per week based upon a weekly wage of $60 "from and including the 30th day of August" 1963 "until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Georgia," and this agreement was approved by the board, such award, in the absence of fraud, accident, or mistake, is conclusive until set aside that the claimant was totally incapacitated to work and entitled to compensation under *Code* § 114-404 as amended by the Act of 1963 (Ga. L. 1963, pp. 141, 145), (*Maryland Cas. Corp. v. Mitchell*, 83 Ga. App. 99 (1) (62 SE2d 415)) and upon application by the insurer (received by the board on December 1, 1964) for a hearing on change of condition of the claimant under *Code* § 114-709 as amended, the insurer discontinued payments, the burden is upon the insurer to show such change. *Miller v. Hartford Accident &c. Co.*, 86 Ga. App. 503 (71 SE2d 782); *Fortson v. American Surety Co.*, 92 Ga. App. 625 (2) (89 SE2d 671); *Dixie Fire & Cas. Co. v. Thompson*, 110 Ga. App. 734 (140 SE2d 77).

2. The mere opinion of a physician, based upon objective findings, that the claimant is physically capable of doing the same work he did before the injury, does not demand a finding that the claimant is fully recovered, particularly where such a physician had not seen the claimant until a short time prior to the request for hearing on change of condition and did not testify as to whether the claimant's condition either objectively or subjectively had changed since the original award. *Phinese v. Ocean Acc. &c. Corp.*, 81 Ga. App. 394 (58 SE2d 921); *Travelers Ins. Co. v. Boyer*, 102 Ga. App. 248 (116 SE2d 6).

Where, in such a case, the only evidence offered by the insurer was such testimony of a physician who examined the claimant on December 1, 1964, and testified that the claimant then complained of pain in his back and leg and that based upon

objective findings only he was "inclined to feel" that the claimant at that time could return to heavy manual labor, and the further testimony of the claimant (who was unrepresented by counsel) on cross examination that since his injury he had driven a tractor for a few hours for which he was paid, that he had cut wood for himself, that he was then working 7 days a week feeding chickens, but working only 2 to 4 hours a day, and that as part of his compensation he was living in a house rent free worth about $6 per week, the evidence authorized a finding that the claimant was suffering only partial incapacity to labor so as to authorize an award under *Code* § 114-405 as amended by the Act of 1963 (Ga. L. pp. 141, 146).

3. The judge of the superior court did not err in affirming the award of the Board of Workmen's Compensation as above indicated.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

ARGUED JUNE 7, 1966—DECIDED OCTOBER 14, 1966.

*Greene, Neely, Buckley & DeRieux, Thomas B. Branch, III, Edgar A. Neely, Jr., Douglas Stewart,* for appellants.
*Chance & Maddox, R. F. Chance,* for appellee.