43153. MALLORY v. AMERICAN CASUALTY COMPANY et al.

ARGUED OCTOBER 3, 1967—DECIDED OCTOBER 6, 1967.

478

*Harrison, Martin & Childs, John S. Harrison,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellees.

EBERHARDT, Judge. There may have been some misunderstanding as to the meaning or import of our decision on the former appearance because of some language in the body of

the decision which indicates that we construed the evidence to authorize a finding that the claimant suffered a "new accident" when he reached the point of being unable to continue with his work. But the holding of the case was that the evidence was sufficient to *authorize* a finding that the gradual worsening of the claimant's condition was at least partly attributable to his physical activity in the continuing of his work after the injury of June 12, 1963, and that under these circumstances (if the board finds this to be the case) the statute of limitation would begin to run on the date when the employee was for that reason forced to cease work.

To state it another way, we held the situation to be one coming within the principles applied in *Noles v. Aragon Mills*, 114 Ga. App. 130 (150 SE2d 305) and in *Employers Mut. Liab. Ins. Co. v. Shipman*, 108 Ga. App. 184 (132 SE2d 568).

Upon remand the board has found that claimant did suffer an injury arising out of and in the course of employment which, as of May 26, 1964, was totally disabling. But since there is no finding as to whether the employer had knowledge or notice, within the requirements of *Code* § 114-303, we agree with the judge of the superior court that the matter should be remanded for further findings and award in the light thereof.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*