43307.  SMITH v. LIBERTY MUTUAL INSURANCE COMPANY et al.

DEEN, Judge. In a workmen's compensation case payments must be computed under *Code Ann.* § 114-405 "where the incapacity for work . . . is partial." The extent of disability is not computed on physical disability alone, for, as stated in *Employers Liab. Assur. Corp. v. Hollifield,* 93 Ga. App. 51 (90 SE2d 681), a partial physical disability may result in a total loss of earning capacity, nor is it computed alone on what the claimant is actually earning, for, as stated in *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746 (113 SE2d 611), a woman who, although drawing no earnings, was physically looking after children and helping her husband in the store was not 100% disabled within the meaning of the law, but the board must determine to the best of its ability the earning *capacity,* and extent of decrease, if any.

In the present case the claimant, originally drawing compensation for total incapacity to labor, physically improved to the extent that he did about ⅓ of the work in his wife's store, although he drew no wages, and the board found a change of condition, which was affirmed in *Smith v. Liberty Mut. Ins. Co.,* 114 Ga. App. 755 (152 SE2d 782). He thereafter made application for a hearing based on change of condition in which he contended he was totally disabled and had ceased working in the store, his wife having disposed of it. The evidence showed no change in his physical condition and no

change for the worse in his ability to work and earn money, but on the contrary showed that he was engaged in the business of hauling chert, using a dump truck which he and his brother owned and which was operated by an employee, and for which he received some slight compensation. The evidence failed to show a decrease in his earning *capacity* or that his physical condition had worsened so as to limit earning capacity below that existing at the time the prior award was made. Since compensation for the injury of April 14, 1961, has now been paid up to the limits set by *Code Ann.* § 114-405, the judge of the superior court did not err in affirming the award denying further compensation.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

Submitted January 9, 1968—Decided February 9, 1968—Rehearing denied February 23, 1968—

*Wade H. Leonard,* for appellant.
*Albert L. Hodge,* for appellees.