## 45816.   ST. PAUL FIRE & MARINE INSURANCE COMPANY et al. v. SEAY.

BELL, Chief Judge. In this workmen's compensation case, the board found that the claimant suffered a compensable injury on November 14, 1966. The board further found that subsequent to December 14, 1966, the claimant "has been capable of performing at least light work" and is therefore partially disabled since that time and should be compensated under *Code Ann.* § 114-405 after the later date. The board awarded compensation to the claimant for total incapacity for the period of November 14, 1966, to December 14, 1966, and compensation after Decem-

ber 14, 1966, based on partial disability "equal to 60% of the difference between her average weekly wage before and after said accident but not to exceed $30 per week nor the total sum of $9,000 or to continue for a period of more than 350 weeks from the date of accident or until further order of the board." The superior court affirmed. *Held:*

1. It is true that the board did not specifically find as a fact that claimant was totally disabled initially for the period of November 14, 1966, to December 14, 1966. Nonetheless the finding that subsequent to December 14, 1966, she was capable of performing at least light work and was partially disabled can be construed as containing by implication a finding that she was not able to perform "light work" from the date of injury up to December 14, 1966, and thus, was totally disabled for that period.

Also while the board did not specifically find that the duties of her employment prior to injury exceeded "light work," the finding that subsequent to December 14, 1966, she was *partially disabled* and capable of performing "light work" contains by implication a finding that her required work prior to injury was more than mere light work and thus was beyond her present capability. Both of these implications of fact were authorized by the evidence.

Legal precision and nicety are not to be insisted upon in the findings of fact of the Compensation Board. After the award that construction of the findings which would render the judgment valid should be adopted in preference to a construction which would render the award invalid where the construction is reasonable and can be fairly applied. *Maryland Cas. Corp. v. Mitchell,* 83 Ga. App. 99 (62 SE2d 415).

2. The findings of fact relating to that part of the award granting compensation for total incapacity are authorized by the evidence. The judgment of the lower court affirming this part of the award is affirmed.

3. Although the evidence authorized the finding of subsequent partial incapacity, that part of the award granting compensation on this basis is erroneous. There has been no finding or determination made as to the weekly wages which the claimant

is able to earn upon which an intelligent calculation can be made of the compensation to be paid. *Colbert v. Fireman's Fund Ins. Co.,* 112 Ga. App. 187 (144 SE2d 470); *Mallory v. American Cas. Co.,* 116 Ga. App. 477 (157 SE2d 775); *Mauldin v. Ga. Cas. &c. Co.,* 119 Ga. App. 406, 409 (167 SE2d 371). The award of partial disability is deficient for another reason. No provision is made reducing the number of weeks of compensation for partial incapacity by the number of weeks for which payment is made for total incapacity as required by *Code Ann.* § 114-405 (Ga. L. 1963, pp. 141, 146). This part of the judgment which affirms the award of compensation for partial disability must be reversed with direction to remand the case to the board for further action consistent with this opinion.

4. Other assertions of error are all without merit.

*Judgment affirmed in part; reversed in part with direction. Jordan, P. J., Eberhardt, Pannell, Quillian, Whitman and Evans, JJ., concur. Hall, P. J., and Deen, J., dissent.*

ARGUED JANUARY 4, 1971—DECIDED MAY 26, 1971.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellants.

*Smith, Gardner, Wiggins, Geer & Brimberry, Oscar T. Cook, Jr.,* for appellee.

DEEN, Judge, dissenting. I disagree with Division 3 of the opinion, which reverses the case so far as an award of compensation for permanent partial disability under *Code Ann.* § 114-405 is concerned.

1. The award of the hearing director found temporary total disability and entered an award under *Code Ann.* § 114-404 until a given date; then found a change of condition from total to partial disability and continued the award under § 114-405 instead of § 114-404 "not to . . . continue for a period of more than 350 weeks from the date of the accident." Since § 114-405 allows a maximum of 350 weeks while § 114-404 gives a maximum of 400 weeks it is obvious that *Code Ann.* § 114-405 has been complied with, especially that part which states: "In the event partial incapacity shall follow a period of total incapacity, the number of

weeks to which the employee shall be entitled to receive compensation under this section shall be reduced by the number of weeks for which payments for total incapacity have been made to the employee." A period of "350 weeks from the date of the accident" does take into account the weeks during which the employee received temporary total, and the statement in Headnote 3 of the opinion that "No provision is made reducing the number of weeks of compensation for partial incapacity by the number of weeks for which payment is made for total incapacity" is not accurate, since under the present award the claimant cannot overrun 350 weeks from the date of accident, which is the maximum for *partial* disability.

2. I also disagree with the statement in Headnote 3 that "There has been no finding or determination made as to the weekly wages which the claimant is able to earn upon which an intelligent calculation can be made of the compensation to be paid." The evidence in the case, the award of the hearing director, and the award of the full board amending it, all clearly show that the claimant is not working but that she does have some capacity to work. This has been one of the troubled areas in compensation claims from the beginning. Early cases required hearings to determine "maximum improvement," and were full of allusions to percentage of *physical* impairment, but as courts began to understand the nature of the problem better both these concepts gradually faded out of the picture. As early as *Austin Bros. Bridge Co. v. Whitmire,* 31 Ga. App. 560 (121 SE 345), it was established both that "capacity" meant earning capacity, not physical impairment, and that "total incapacity" existed "while he remains unable, as a result of his injury, either to resume his former occupation or to procure remunerative employment at a different occupation suitable to his impaired capacity." We applied this concept in many cases, among them *Employers Liability Assur. Corp. v. Hollifield,* 93 Ga. App. 51 (90 SE2d 681), where we held that a 30 percent disability to the back resulted in a 100 percent loss of capacity to labor, and directed payment under *Code Ann.* § 114-404. Soon thereafter, however, in *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746 (113 SE2d 611), the Supreme Court reversed under somewhat similar facts where it found from the evidence that the claimant had

*some* earning capacity but not in the job in which she had been injured, reversed an award under §114-404 and pointed out that it could make no finding as to whether a new award should be entered under §114-405 because that issue had not been passed on. It was, however, the obvious way out, and has been used regularly by the board and affirmed by this court, in cases where (a) the evidence authorizes a finding that a total incapacity has ceased and (b) there has been a change of condition for the better, but the claimant is not actually back to work, either because he can find no work in his impaired condition or for other reasons. *Smith v. Liberty Mut. Ins. Co.*, 117 Ga. App. 308 (160 SE2d 535). In such a case, which was the situation in *Wilson* and is the situation here, the board is in fact finding a change of condition for the better and is under a duty to come up with a monetary award. This award, under *Code Ann.* §114-405, is "60% of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter." Where, as here, the board finds earning capacity but the claimant is not actually working, the second figure is zero and the wages are calculable, based on the lesser maximum amounts and shorter maximum time limitations contained in *Code Ann.* §114-405.

As stated in *Code Ann.* §114-709, change of condition "insofar as it relates to sections 114-404 and 114-405 shall mean *solely* an *economic* change in condition occasioned by the employee's return or *ability* to return to work for the same or any other employer; or inability to work or continue to work for the same or any other employer, which inability is proximately caused by the accidental injury." There is a finding supported by the evidence to the effect that the employee can do unspecified "light work." It is extremely unlikely that either side could produce further evidence on remand as to the identity or value of such work, however, and as a matter of fact the claimant's economic condition right now is that, although she has some capacity to work, her wages are zero. This, in my opinion, authorizes an award under §114-405 for partial disability rather than under §114-404 for total disability, and the amount to be paid is that sum arrived at by the use of the yardstick in §114-405, 60% of the difference between the wage prior to the accident and the present wage (zero), not exceeding the

maximum stated in § 114-405. The board has only two other alternatives—to continue total disability, which it cannot do under the *Wilson* case, or to refuse any award at all, which it cannot do under *Code Ann.* § 114-405. I would therefore affirm the award as amended by the full board.

I am authorized to state that Presiding Judge Hall concurs in this dissent.