46438, 46448.   HARDEMAN v. LIBERTY MUTUAL INSURANCE COMPANY et al.; and vice versa.

Argued September 7, 1971—Decided October 1, 1971—
Rehearing denied October 28, 1971—

*Wade H. Leonard,* for appellant.

*Pittman, Kinney, Kemp, Pickett & Avrett, L. Hugh Kemp,* for appellees.

DEEN, Judge. ■ Under the decision in *St. Paul Fire &c. Ins. Co. v. Seay,* 123 Ga. App. 828 (182 SE2d 705), it is error for the State

Board of Workmen's Compensation to shift payments from total disability under *Code Ann.* § 114-404 to partial disability under *Code Ann.* § 114-405 where "there has been no finding or determination made as to the weekly wages which the claimant is able to earn upon which an intelligent calculation can be made of the compensation to be paid," even though the evidence on change of condition shows an amelioration of the employee's condition and that he is no longer totally disabled. Therefore, that part of the order of the superior court remanding the case to the board and holding that there is not sufficient competent evidence to sustain the award, is affirmed.

■ That part of the order of the superior court directing the board to consider an award of penalties and attorney fees to plaintiff on remand is reversed. It is obviously based on the premise included in the original award that the board has no authority to require the employee to accept treatment aimed at the correction of psychoneurotic disabilities and involving rehabilitation and vocational retraining. Parts of the award read as follows: "Defendant additionally requested permission to terminate compensation inasmuch as claimant repeatedly had refused to accept State vocational rehabilitation services as recommended in the award of said deputy director dated June 7, 1967, and as ordered in that deputy's subsequent award dated October 13, 1967. . . 9. Claimant has rejected all proffers of help from Vocational Rehabilitation, against the prior directives of the board, but I find that, although job retraining and physical and psychological therapy as administered by Vocational Rehabilitation may result in physical improvement, the referral of claimant thereto by the board was not intended to fall within the meaning of 'other treatment' as found in Ga. Code § 114-501, as amended by Ga. L. 1968, pp. 3, 6." The language referred to ("The refusal of the employee to accept any medical, hospital, surgical or other treatment when ordered by the Department . . . shall bar said employee from further compensation until such refusal ceases") is originally found in Ga. L. 1937, pp. 528, 532. Granting that a strict application of ejusdem generis would eliminate orders involving job retraining alone; nevertheless, such training in connection with psychological therapy is today recognized as a medical technique of prime significance in

the salvaging of human resources. "It is now axiomatic that proper rehabilitation begins at the moment of the accident. This is because both the character of the medical treatment and the psychological preparation of the injured worker for rehabilitation must ideally be conducted at every stage with the ultimate goal of rehabilitation in mind." 2 Larson's Workmen's Compensation Law, 88.262, § 61.20. Refusal to accept such services accompanied by an apparent decision to "retire" on compensation benefits may justify reduction or cessation of payments. Turner v. Neeb Kearney & Co. (La. App.), 139 S. 2d 3.

That part of the judgment of the superior court setting aside the award and remanding the case to the Board of Workmen's Compensation is affirmed as to the main appeal and reversed as to the denial of the cross appeal, with direction that the case be remanded for further consideration in accordance with this opinion.

*Judgment affirmed with direction in Case No. 46438; reversed in Case No. 46448. Bell, C. J., and Pannell, J., concur.*