52818. COTTON STATES INSURANCE COMPANY
et al. v. BATES.

QUILLIAN, Presiding Judge.

The State Board of Workmen's Compensation approved a "standard form" agreement as to compensation between the claimant, appellee here, and the employer, appellant here. Within 30 days of the approval thereof the appellant filed a motion that the agreement be set aside because it was entered into through a mistake of fact on its part. The board in response to the motion vacated its order approving the "standard form" agreement as to compensation. The matter was then set for a hearing and subsequent thereto the board reinstated the approval of the agreement. This award was affirmed by the superior court and the case is here for review. *Held:*

The State Board of Workmen's Compensation was without authority to vacate its original order which approved the "standard form agreement as to compensation." As was stated in *Robinson v. Zurich Ins. Co.,* 131 Ga. App. 795, 796 (207 SE2d 209): "The Board of Workmen's Compensation is an administrative body and it possesses only the jurisdiction, power, and authority granted to it by the legislature. *Simpson v. Liberty Mut. Ins. Co.,* 99 Ga. App. 629, 633 (109 SE2d 876); *St. Paul Fire &c. Ins. Co. v. Bridges,* 106 Ga. App. 621 (127 SE2d 699). Where the parties' agreement has been approved by the board, the board is without authority to vacate, set aside, or modify, a prior final award in the absence of a change of

condition. *St. Paul Fire &c. Ins. Co. v. Bridges,* supra."

It should also be noted that this same rule of law was applied in *St. Paul Fire &c. Ins. Co. v. Bridges,* 106 Ga. App. 621 (127 SE2d 699), where it was held that the agreement may not be vacated even if the motion to do so is made within 30 days from the date the agreement was approved. Therefore, the order of the State Board of Workmen's Compensation vacating the original approval of the agreement as to compensation was void.

As has been stated previously by this court the only remedy for a person who contends that an agreement was entered into through fraud, accident or mistake is in a court of equity.

The appellant contends that the 1975 amendment to Code § 114-708 (Ga. L. 1963, pp. 141, 156; 1975, pp. 198, 208) confers authority upon the board to vacate its original award and deny compensation. With this contention we do not agree. The 1975 amendment stated in part: "Within the time limit provided by this section for review by all of the members of an award made in accordance with section 114-707 or within the time limit provided by section 114-710 for appeal to a superior court, upon or without the suggestion of a party to the proceedings, and notwithstanding the filing of an application for review or appeal, the full board or any of its members or deputy directors issuing an award shall have authority to reconsider, amend or revise the award to correct apparent errors and omissions."

The 1975 statute now gives the board authority to amend its awards to correct obvious errors. It is clear that the intent of this amendment was to allow the board to correct mistakes in an award which appears in the record of the case. An example of this would be where the average weekly wage of the claimant as shown in the record was incorrectly stated in the award. The intent of the 1975 amendment was not to open the case for a de novo hearing in regard to whether compensation is payable.

All proceedings subsequent to the original approval of the agreement as to compensation being nugatory, the appeal must be dismissed.

*Appeal dismissed. Marshall and McMurray, JJ., concur.*

SUBMITTED OCTOBER 12, 1976 — DECIDED NOVEMBER 12, 1976.

*Swift, Currie, McGhee & Hiers, Charles L. Drew,* for appellants.

*E. Carl Prince, Jr.,* for appellee.