## 54106. ZURICH AMERICAN INSURANCE COMPANY et al. v. DRIVAS.

BIRDSONG, Judge.

Workmen's compensation. In a standard form agreement between claimant and her employer, it was established that claimant suffered a compensable back injury on April 21, 1975, resulting in temporary total disability. On August 4, 1976, at the request of the appellants, the claimant's employer and the insurance carrier, a hearing was held to determine change of condition. The administrative law judge modified the award from total to partial disability; both the full board of the State Board of Workmen's Compensation and the Superior Court of DeKalb County affirmed the decision below. Appellants now claim error in that the administrative law judge's order is not supported by the evidence and is contrary to law. *Held:*

In seeking to establish a change in condition, for purposes of workmen's compensation, it is well-settled that the burden of proof is upon the party claiming the change. *Travelers Ins. Co. v. Floyd,* 114 Ga. App. 487 (1) (115 SE2d 816) (1966). Accordingly, this court has stated that it is error for the State Board of Workmen's Compensation to modify payments from total disability to partial disability, based on ability to work at a reduced wage scale, where " 'there has been no finding or determination made as to the weekly wages which the claimant is able to earn upon which an intelligent calculation can be made of the compensation to be paid,' even though the evidence on change of condition shows an amelioration of the employee's condition and that he is no longer totally disabled." *Hardeman v. Liberty Mut. Ins. Co.,* 124 Ga. App. 710, 712 (185 SE2d 789) (1971). Here the sole evidence relating to claimant's earning ability consisted of a statement from the treating physician, Dr. Warner Wood, to the effect that claimant would be able to perform her previous occupation of investigator "[i]f she does not have to have scuffling contact with any persons while on duty"; claimant testified that the nature of her job was such that "scuffling" was inevitable. Appellant presented no other evidence whatsoever regarding

claimant's earning abilities, if any.

Under principles established in *Hardeman v. Liberty Mut. Ins. Co.*, supra, and *St. Paul Fire &c. Ins. Co. v. Seay*, 123 Ga. App. 828 (182 SE2d 705) (1970), it was error for the court to affirm the order of the State Board of Workmen's Compensation modifying claimant's compensation from total to partial disability, in the complete absence of any evidence from appellant upon which "an intelligent calculation can be made of the compensation to be paid." Although evidence was presented tending to show claimant's ability to engage in limited forms of work activity, there was absolutely no evidence upon which to base an award of partial disability. Accordingly, the judgment affirming the award of compensation for partial disability is reversed with direction to remand the case to the board for further action consistent with this opinion.

*Judgment reversed with direction. Deen, P. J., and Webb, J., concur.*

ARGUED JULY 6, 1977 — DECIDED SEPTEMBER 9, 1977.

*Smith, Cohen, Ringel, Kohler & Martin, Robert L. Kiser,* for appellants.

*Roy P. Ames,* for appellee.