55241. BARNES v. THE STATE.

WEBB, Judge.

Barnes appeals from his conviction for violation of Schedule II of the Georgia Controlled Substances Act, for having attempted unlawfully to obtain methamphetamine by uttering a forged prescription. The evidence established that Barnes presented a prescription at an Eckerds drug store, purported to be issued by a Dr. Harry Asher, who was not then nor ever has been registered as a physician in the State of Georgia. The pharmacist called the police, who arrested Barnes. Barnes identified for the police the man who had given him the prescription to be filled, but denied that he knew it was forged.

1. The failure of the state to produce the forged prescription taken from Barnes at the time of his arrest so that it could be submitted to a handwriting expert for analysis was not error. The indictment alleged that Barnes uttered the prescription, knowing it to be fraudulent. Because the state did not assert that Barnes wrote it, a handwriting analysis could not have helped him. Therefore, *Patterson v. State,* 238 Ga. 204 (232 SE2d 233) (1977), which recognizes the right of a defendant charged with possession or sale of a prohibited substance to have an expert of his own choosing analyze it independently, is not in point here.

2. The contention that Barnes was denied a fair trial and that the trial judge abused his discretion in dismissing, on the day of the trial, Barnes' motion to compel the state to disclose certain exculpatory matters is without merit. Before any evidence was submitted the assistant district attorney informed the court that he had no exculpatory evidence in his possession, and that he did not know of the existence of any such evidence. At a later point during the trial the judge called a recess and conducted an *in camera* inspection of the state's entire file to determine whether any exculpatory evidence existed.

Clearly Barnes has no grounds for complaint. See *Pless v. State,* 142 Ga. App. 594, 595 (2) (236 SE2d 842) (1977).

3. Barnes insists that the failure of the state to disclose the names, addresses and telephone numbers of any persons the state knew to possess relevant and exculpatory information regarding the crime with which he was charged, and more particularly, the refusal to provide him the name and address of the individual whom the state knew to be the author of the forged prescription, denied him a fair trial. It appears, however, from Barnes' testimony that he knew this man's name and address, and had at least as much access to the information as did the state. Barnes has demonstrated no surprise, no prejudice, nor shown any inability to defend himself fully and adequately due to the withholding of real evidence by the state. "It is an old and sound rule that error to be reversible must be harmful. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741). This enumeration has no merit." *Watts v. State,* 141 Ga. App. 127, 129 (2) (232 SE2d 590) (1977).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED FEBRUARY 6, 1978 — DECIDED FEBRUARY 24, 1978.

*Herbert Shafer,* for appellant.

*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.