### 56878. NEWTON v. LIBERTY MUTUAL INSURANCE COMPANY et al.

Webb, Judge.

Claimant in this worker's compensation proceeding asserts error in the change-of-condition rulings below modifying the award from total to partial disability. It is contended that the award was based upon improved economic condition as provided by Code Ann. § 114-709,[1] and that in order to meet that section's criterion of "economic change in condition occasioned by the employee's return or ability to return to work," the employer must show the specific dollar amounts of wages that the employee is making or is capable of making after the change in condition.

We disagree, at least under the facts of this case. Code Ann. § 114-709 does not, by its terms, require a specific dollar amount to be shown. In *St. Paul Fire &c. Ins. Co. v. Seay,* 123 Ga. App. 828 (182 SE2d 705) (1971), and *Hardeman v. Liberty Mut. Ins. Co.,* 124 Ga. App. 710 (185 SE2d 789) (1971), relied upon by claimant, we required a showing of the wages so that "an intelligent calculation can be made of the compensation to be paid" under Code Ann. § 114-405, i.e., a stated percentage of the post-change-of-condition wages, but not more than a stated maximum. It will thus be seen that the showing of a specific amount of wages is not so much an element of proof required for a finding of change of condition as it is

---

[1]As it existed prior to Ga. L. 1978, pp. 2220, 2233.

an item required for calculation purposes not unlike those encountered in the measure of damages in various types of civil cases. Accordingly, in the cases relied upon by claimant, our disposition has been to remand to the board for further findings as to the wages rather than mandating a conclusion of no change in condition. *Seay,* 123 Ga. App. 828, supra; *Hardeman,* 124 Ga. App. 710, supra; *Zurich Am. Ins. Co. v. Drivas,* 143 Ga. App. 232 (237 SE2d 726) (1977). Moreover, in those cases the employee had not resumed working and receiving income.

In contrast, the ALJ here, with support in the record, found that "the claimant operates a furniture refinishing business in Demorest, Georgia; that he works in this business from two to five days per week; that he is receiving income from performing the refinishing work, but due to inadequate record keeping the claimant does not know how much income he receives. It follows that the claimant's disability is not total, and therefore I find in fact that the claimant has experienced a change in condition from total incapacity to work to partial incapacity to work as of the date of the hearing."

In these circumstances we cannot say that there has been no "economic change" as contemplated by § 114-709; and we hold that the failure of proof as to the dollar amount of the income from claimant's business is not fatal to the finding of change in condition but, so far as the claimant is concerned, is a harmless error as to the calculation of the amount under § 114-405.

Since the employer had consented to assuming a zero figure for present wages, and since the calculation based thereon under § 114-405 results in the maximum award to claimant, he has not been harmed by the failure of proof as to the specific amount of post-change-of-condition wages. And since harm as well as error must be shown (*Barnes v. State,* 145 Ga. App. 38, 39 (243 SE2d 302) (1978)), remand is not required for a specific finding as to present wages. Accordingly, the award and judgment will be construed as providing for the maximum amount under § 114-405 and, as so construed, affirmed.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED NOVEMBER 7, 1978 — DECIDED NOVEMBER 22, 1978.

*Griggs & Butterworth, Bruce S. Harvey, James N. Butterworth,* for appellant.

*Erwin, Epting, Gibson & McLeod, Henry G. Garrard, III,* for appellees.