A91A0483. SCOTT v. TREMCO, INC. et al.
(405 SE2d 347)

POPE, Judge.

Claimant Kendrick Scott commenced this workers' compensation case by filing a timely claim against his immediate employer, a construction subcontractor, and the general contractor of the construction site where the claimant sustained his injuries. Over one year from the date of claimant's injury the owner of the premises, which had been added to the proceeding, requested that Tremco, Inc., be added to the proceeding as a statutory employer. The Administrative Law Judge to whom the case was first assigned issued an order dismissing Tremco on the ground it was not a statutory employer and on the ground that the claim against Tremco was barred by the one-year statute of limitation. The record shows the order of dismissal was entered without a hearing only four days after Tremco's motion to dismiss was filed. The claimant was afforded no opportunity either to be heard or to file a brief in opposition to the motion because the order was issued on the date the claimant received his service copy of the motion in the mail. The ALJ denied claimant's request to certify the issue for immediate appeal to the full board but noted that an appeal could be filed after a final award was issued pursuant to an eviden-

tiary hearing on the merits of the claim.

Before the case came up for an all-issues hearing, the original ALJ transferred the case to another ALJ. In the order granting benefits to the claimant against his immediate employer, the second ALJ declared that Tremco and its insurer had been erroneously discharged and should be added as parties because Tremco was a statutory employer. The order did not grant an award against Tremco or determine Tremco's liability, nor could the order have done so since Tremco had previously been dismissed and was not represented at the hearing.

More than 20 days after the award was entered, the claimant requested that Tremco and its insurer be added as a party and requested a hearing to determine Tremco's liability. The second ALJ held a hearing and issued an order holding Tremco liable to the claimant as a statutory employer. In the award against Tremco, the second ALJ concluded that the earlier dismissal of Tremco without allowing the claimant the opportunity to be heard was beyond the statutory authority of the first ALJ and was a violation of the claimant's right to due process of law. The second ALJ found evidence to support a finding that Tremco was the claimant's statutory employer and concluded that the claim against Tremco was not barred by the statute of limitation because the claim was brought against the immediate employer within one year, as required by OCGA § 34-9-82. An award was entered directing Tremco to pay all benefits awarded to the claimant which had not been paid by the immediate employer, the attorney fees assessed against the immediate employer plus an additional award of attorney fees as a penalty for the immediate employer's failure to obtain workers' compensation insurance coverage. The award was approved by the full board with the exception of the assessment of additional attorney fees as a penalty for failure to obtain insurance.

Tremco appealed the award to the superior court which found that because the claimant failed to file an appeal to the order dismissing Tremco within the time allowed for appealing the award of benefits (20 days pursuant to OCGA § 34-9-103 (a), although the trial court erroneously referred to a 30-day period), then neither the ALJ nor the full board had authority to issue a subsequent order adding Tremco or adjudicating Tremco's liability. We granted the claimant's application for discretionary review of the superior court's order.

1. We agree that if the initial order awarding benefits had not addressed the issue of Tremco's earlier dismissal from the proceeding, then the dismissal would have been res judicata after the appeals period expired and neither the board nor the ALJ could have later added Tremco as a party. The order, however, contained a finding that Tremco had been erroneously dismissed. Essentially, this finding

was a reconsideration and reversal of the previous dismissal in the case. The controlling issue in this appeal is whether the ALJ had authority to reconsider and reverse a previous ruling.

Pursuant to OCGA § 34-9-103, any time before the expiration of the 20-day period for filing an application for review of an ALJ's award to the board, an ALJ has "authority to reconsider, amend, or revise the award to correct apparent errors and omissions." *Aetna Cas. &c. Co. v. Barden*, 179 Ga. App. 442, 443 (1) (346 SE2d 588) (1986). If this statute permits the reconsideration of a final award, it should be interpreted as also permitting the reconsideration of a preliminary, non-final order issued prior to the final award. A preliminary order, just as much as a final order, is subject to review on appeal within 20 days after the final award. Thus, any order in a case, not just a final order, should be subject to reconsideration during the 20-day period in OCGA § 34-9-103.

OCGA § 34-9-103 (b) only permits an amendment to correct obvious errors and was not intended to open the case for a de novo hearing. *Cotton States Ins. Co. v. Bates*, 140 Ga. App. 428 (231 SE2d 445) (1976). But here, failure to grant a hearing on the motion to dismiss was an obvious violation of the claimant's right of due process. The constitutional guarantees of due process grant every party to a lawsuit (or a workers' compensation proceeding) "the opportunity to be heard and to present his claim or defense, i.e., to have his day in court. . . . These rights are granted to all parties . . . and are applicable in workers' compensation proceedings. See [OCGA § 34-9-102 (e) (1)]." *Hart v. Owens-Illinois, Inc.*, 165 Ga. App. 681, 682-683 (302 SE2d 701) (1983). See also *Miller v. Brunswick Pulp &c. Co.*, 184 Ga. App. 172 (360 SE2d 754) (1987). Moreover, the dismissal of Tremco on the ground the claim was barred by the statute of limitation was an obvious error of law because the claimant timely instituted his claim against the immediate employer, as required by OCGA § 34-9-8 (c), and thus, pursuant to said statute, also preserved his right to recover compensation against a statutory employer. Thus, the ALJ had authority to reconsider and reverse the initial dismissal of Tremco in the order awarding benefits to the claimant as against the immediate employer. Since the dismissal was reconsidered and reversed within the order awarding benefits, the dismissal was no longer valid and the superior court erred in holding that the order dismissing Tremco became final after the expiration of the time for appealing the award of benefits.

2. The record contains facts supporting the finding that Tremco is liable to the claimant as a statutory employer. As noted above, the claim against Tremco was not time-barred because claimant's claim was timely commenced against the immediate employer, as required by OCGA § 34-9-8 (c). Cf. *McCormick v. Kitchens*, 59 Ga. App. 376 (1

SE2d 57) (1939) (in which the claimant filed his claim against a party who was later determined not to be claimant's employer, then, because the period of limitation had expired, it was too late to bring the claim against other alleged employers). Thus, the superior court erred in holding the ALJ and board erred in adding Tremco as a party and finding Tremco liable to claimant.

However, the superior court did not err in reversing the assessment of attorney fees against Tremco. The board eliminated the ALJ's additional award of attorney fees against Tremco which was imposed as a penalty for the immediate employer's failure to procure workers' compensation insurance. It affirmed, however, the assessment against Tremco of those attorney fees originally imposed against the immediate employer for defending the claim without reasonable grounds. The statute authorizing the assessment of attorney fees for bringing an unreasonable defense indicates they may be assessed against the "offending party." OCGA § 34-9-108 (b) (1). The offending party was the immediate employer. The ALJ expressly found Tremco's defense of the claim was not unreasonable. Therefore, Tremco could not be liable for claimant's attorney fees. The award of the board should be reinstated as to Tremco's liability to the claimant for benefits but not as to the assessment of attorney fees.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 29, 1991 — ▇▇▇▇▇▇▇▇▇▇

*Greene, Buckley, Jones & McQueen, H. Worthington Lewis*, for appellant.

*Whitehurst & Frick, Elaine W. Whitehurst, Scott A. Wharton*, for appellees.