A91A1009. PATTERSON v. COX ENTERPRISES, INC.
(411 SE2d 85)

BEASLEY, Judge.

The issue is whether or not as a matter of law a workers' compensation claimant may assert a claim for abusive litigation under OCGA § 51-7-81 against an employer (self-insurer) based on the employer's allegedly meritless appeal to the superior court of the workers' compensation award.

Patterson, who worked part-time for the Atlanta Journal and Constitution as a tractor-trailer driver, filed with the State Board of Workers' Compensation a request for a change in condition. The ALJ determined that Patterson had sustained a change in condition and was entitled to additional income benefits. The full Board adopted the ALJ's award, and the superior court affirmed the Board.

Patterson sought damages against the employer/self-insurer and its servicing agent, alleging that the appeal to the superior court was without merit and asserted no error of law, so that it constituted abusive litigation. He sought damages against them jointly and severally. The trial court granted defendants' motion to dismiss.

By its own terms, OCGA § 51-7-81 does not apply to appeals from workers' compensation proceedings. The statute provides that "[a]ny person who takes an active part in the initiation, continuation, or procurement of *civil proceedings* against another shall be liable for abusive litigation. . . ." [Emphasis supplied.]

"Civil proceeding" is expressly defined. It "includes any action, suit, proceeding, counterclaim, cross-claim, third-party claim, or other claim at law or in equity." OCGA § 51-7-80 (1).

" 'Claim' includes any allegation or contention of fact or law asserted in support of or in opposition to any civil proceeding, defense, motion, or appeal." OCGA § 51-7-80 (2).

Proceedings under the Workers' Compensation Act are administrative in nature because the State Board of Workers' Compensation "is not a court . . . but is an administrative body with only those

powers and duties given it by statute. [Cits.]" *Bishop v. Weems*, 118 Ga. App. 180 (2) (162 SE2d 879) (1968). See also *Cotton States Ins. Co. v. Bates*, 140 Ga. App. 428 (231 SE2d 445) (1976). It is the appeal to the superior ·court from the final decision of the administrative agency which brings the case into the judicial arena. OCGA § 34-9-105. The appeal is not a civil proceeding within the scope of the abusive litigation statute but rather a review upon the record made in the administrative agency, limited to the list of permissible inquiries legislatively provided for in OCGA § 34-9-105 (c).

The unavailability to workers' compensation claimants of a statutory cause of action for abusive litigation is consistent with decisions under the common law that where the Workers' Compensation Act applies, it provides the employee's exclusive remedy against his employer for injuries within the terms of the Act. See OCGA § 34-9-11; *Bright v. Nimmo*, 253 Ga. 378, 379 (320 SE2d 365) (1984); *Freeman v. Ryder Truck Lines*, 244 Ga. 80, 82 (2) (259 SE2d 36) (1979). The Georgia Supreme Court "considered and declined to adopt decisions of some other jurisdictions finding that intentional delay of compensation payments gives rise to an independent cause of action. See 2A Larson, Workmen's Compensation Law, § 68.34 (c); 'Tort Liability of Worker's Compensation Insurer for Wrongful Delay or Refusal to Make Payments Due,' 8 ALR 4th 902 (1981)." *Aetna Cas. &c. Co. v. Davis*, 253 Ga. 376, 377 (2) (320 SE2d 368) (1984). This is not to say that a claimant has no remedy.

OCGA § 34-9-108 (b) (1) & (2) provide for attorney fee assessments against a party who, without reasonable grounds, has brought, prosecuted, or defended in whole or in part proceedings brought under the Act, or who, without reasonable grounds, has failed to comply with OCGA § 34-9-221. Subsection (2) also allows costs. Thus, the statute addresses and penalizes frivolous or groundless actions as does the abusive litigation statute. See OCGA §§ 51-7-80 (7); 51-7-81 (2). OCGA § 34-9-108 (b) (1) & (2) specifically targets conduct in the course of a workers' compensation proceeding, which proceeding may include appeal to the superior court. Unlike OCGA § 51-7-81, it does not impose the additional burden of demonstrating that the complained of actions were done with ill will or for a wrongful purpose. See OCGA § 51-7-80 (5).

As a matter of law, OCGA § 51-7-81 does not authorize a claim for abusive litigation in the context of the Workers' Compensation Act, OCGA § 34-9-1 et seq. The trial court correctly granted defendants' motion to dismiss.

*Judgment affirmed. Carley, P. J., and Andrews, J., concur.*

Decided September 17, 1991.

*Finch, McCranie, Brown & Thrash, John S. D'Orazio*, for appellant.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., R. Briggs Peery*, for appellee.