A92A0153. ASPLUNDH TREE EXPERT COMPANY et al. v. GIBSON.
(420 SE2d 797)

CARLEY, Presiding Judge.

Appellee-employee was injured in an on-the-job accident and appellant-employer and insurer provided him with temporary total disability workers' compensation benefits. Subsequently, a hearing was held to determine whether there had been a change for the better in appellee's condition. Although there was evidence that appellee had been working and earning money, the Administrative Law Judge (ALJ) found that the evidence was otherwise insufficient for a determination of the weekly wages that appellee was capable of earning and concluded that appellee was, therefore, entitled to continue to receive temporary total disability benefits.

Appellants appealed to the Full Board. On May 1, 1991, the Full Board made its original award, finding that appellee was earning income and was, therefore, entitled to receive only temporary partial disability benefits. Citing *Hood v. Jackson,* 81 Ga. App. 465 (59 SE2d 45) (1950), the Full Board further concluded that the burden was on appellee to establish the amount of his compensation and ordered that appellee cooperate with appellants in providing the information from which the amount of his temporary partial disability benefits could be calculated.

On May 7, 1991, appellee filed a motion for reconsideration. On May 15, 1991, the Full Board vacated its original award on the ground that it contained "apparent errors and omissions." The "apparent error and omission" was the Full Board's failure to have considered *Hardeman v. Liberty Mut. Ins. Co.,* 124 Ga. App. 710 (185 SE2d 789) (1971), wherein it was held to be error to order a change from temporary total to temporary partial disability benefits in the absence of evidence of the weekly wages that the employee was capable of earn-

ing. The Full Board entered a new award which was, in effect, consistent with the ALJ's award of continued temporary total disability benefits to appellee. Appellants appealed the Full Board's new award to the superior court. The superior court affirmed and appellants' application for a discretionary appeal to this court was granted.

1. The threshold issue is whether the Full Board had *authority* to reconsider, amend or revise its original award.

OCGA § 34-9-103 (b) authorizes the Full Board to revise an award "to correct apparent errors and omissions." This statute consistently has been construed as broadly authorizing the Full Board to act so as to correct *any* of its purported errors, *whether factual or legal*, so long as that purported error appears on the face of the existing record. According to *Cotton States Ins. Co. v. Bates*, 140 Ga. App. 428, 429 (231 SE2d 445) (1976), OCGA § 34-9-103 (b) "gives the [Full] [B]oard authority to amend its awards to correct *obvious errors*. It is clear that the intent of this [statute is] to allow the [Full] [B]oard to correct *mistakes in an award which [appear] in the record of the case. . . . The intent of [OCGA § 34-9-103 (b) is] not to open the case for a de novo hearing in regard to whether compensation is payable.*" (Emphasis supplied.)

Thus, OCGA § 34-9-103 (b), as construed in *Bates*, does not authorize the Full Board to ignore the res judicata effect of its prior award, so as to readdress and redetermine the issue of compensability based upon a new hearing and consideration of new evidence. Accordingly, in *Bates*, supra at 428, the Full Board erred when, after vacating its original award, "[t]he matter [of compensability] was then set for a hearing and subsequent thereto the [Full] [B]oard" issued another award. If, however, an award was issued on the basis of an error which appears on the face of the existing record itself, the Full Board is authorized to reconsider that prior award and issue an amended or revised award. Accordingly, unlike *Bates*, the Full Board does not err when, after vacating its original award, the matter of compensability is not then set for another hearing, but subsequent there to the Full Board merely issues an amended or revised award which purports to comply, legally and factually, with the previously considered record. See *Scott v. Tremco, Inc.*, 199 Ga. App. 606, 607 (1) (405 SE2d 347) (1991). In other words, OCGA § 34-9-103 (b) is not analogous to the statutory grant of authority to entertain a motion for new trial, but only authorizes the Full Board to entertain a motion for reconsideration of its prior award on the existing record. This construction of OCGA § 34-9-103 (b) is clearly correct and *Bates* obviously should remain viable authority for that construction.

In the instant case, it is clear that the Full Board *did* base the vacation of its original award and the issuance of its revised award upon a purported error appearing on the face of the record. The Full

Board found that its original award should be vacated because the record demonstrated, on its face, that that award had been issued based upon an erroneous reliance upon *Hood v. Jackson*, supra, rather than upon *Hardeman v. Liberty Mut. Ins. Co.*, supra. Based upon this finding of a purported error of law appearing on the face of the record, the Full Board clearly had the *authority* to vacate its original award and to issue a revised award pursuant to OCGA § 34-9-103 (b). *Scott v. Tremco, Inc.*, supra. Compare *Cotton States Ins. Co. v. Bates*, supra.

2. However, the Full Board's revised award is erroneous on the *merits*. It is not *Hardeman*, but *Newton v. Liberty Mut. Ins. Co.*, 148 Ga. App. 224 (251 SE2d 138) (1978) that is controlling as to the sufficiency of the evidence to authorize a finding that appellee's condition had changed from total to partial disability. As in *Newton*, but unlike in *Hardeman*, the evidence in the instant case shows that appellee *had* resumed working and *was* receiving income. "In these circumstances we cannot say that there has been no ['change in condition'] as contemplated by [OCGA § 34-9-104 (a)]; and we hold that the failure of proof as to the dollar amount of the income from claimant's [employment] is not fatal to the finding of [a] change in condition. . . ." *Newton v. Liberty Mut. Ins. Co.*, supra at 225.

3. However, *Newton* is certainly not controlling as to the *amount* of compensation to be awarded to appellee based upon the change in his condition from total to partial disability. Unlike in *Newton*, supra at 225, appellants have *not* "consented to assuming a zero figure for [appellee's] present wages" and, therefore, no award of a specific amount of compensation can yet be made. However, this does not mandate that appellants must continue to pay appellee compensation for total disability. As the Full Board originally held, under these circumstances, appellee should be ordered to provide the necessary information so that the amount of compensation for his partial disability can be determined. *Hopper v. Continental Ins. Co.*, 121 Ga. App. 850, 851 (2) (176 SE2d 109) (1970). Accordingly, the superior court's order is reversed with direction that the case be remanded to the Full Board for vacation of the erroneous revised award and reentry of the original award.

*Judgment reversed and case remanded with direction. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Beasley, Cooper, Andrews and Johnson, JJ., concur. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

The threshold issue, as I see it, is whether the board has authority to reconsider, amend or revise an award on the ground that it contains an apparent error of *law*. OCGA § 34-9-103 (b) authorizes the board to revise an award, within the time period for appeal to the

superior court, "to correct apparent errors and omissions." In *Cotton States Ins. Co. v. Bates*, 140 Ga. App. 428 (231 SE2d 445) (1976), this court interpreted the intent of the statute as "[allowing] the board to correct mistakes in an award which [appear] in the *record* of the case." (Emphasis supplied.) Id. at 429. We offered as an example of a mistake which could be corrected by revision pursuant to the statute a clerical mistake in reciting the claimant's average weekly wage.

The wording of the statute, however, does not restrict the board to the correction only of factual errors. In fact, in a more recent case, this court approved the board's reconsideration and reversal of an award which contained an error which was apparent from the record and which also was an obvious error of law. *Scott v. Tremco, Inc.*, 199 Ga. App. 606 (1) (405 SE2d 347) (1991). In *Scott*, the board reversed its earlier award dismissing the statutory employer where the record showed the claimant had not been afforded a hearing on the motion for dismissal, in obvious violation of his right to due process, and also the award contained the erroneous conclusion that the claimant was barred as a matter of law from pursuing a claim against the statutory employer. In fact, the record showed that the claimant had preserved his right to recover from the statutory employer by bringing a timely claim against the immediate employer.

In the case now before us, the "apparent error" on which the board based its vacation of its first award is not an error of fact or other error appearing "in the record," as set forth in *Bates*. Instead, the "apparent error" cited by the board is one of law. I agree with the majority opinion that the board had authority to revise the award in this case because I find no reason why, pursuant to the authority of OCGA § 34-9-103 (b), the board is precluded from correcting an apparent error of law *or* fact. To the extent that our previous holding in *Cotton States Ins. Co. v. Bates*, supra, is contrary to the ruling in this case, I believe it should be overruled.

DECIDED JULY 9, 1992.

*Drew, Eckl & Farnham, John A. Ferguson, Jr., Nicole D. Tifverman*, for appellants.

*E. Neal Little, Jr.*, for appellee.