## A95A0811. GIBSON v. LINDALE MANUFACTURING COMPANY.
### (460 SE2d 543)

RUFFIN, Judge.

We granted Janie Gibson's application for discretionary appeal to determine whether the superior court erred in reversing an award of the appellate division of the workers' compensation board ("the board"). The court based its ruling on the ground that the board exceeded its authority in revising its initial award on motion for reconsideration based on additional findings of fact. The court held that under OCGA § 34-9-103 (b) the board's authority is limited to revising, amending or reconsidering to correct "facially apparent errors or omissions."

The record shows that the ALJ denied Gibson's claim for benefits, finding that her proof was circumstantial and established nothing more than a possible connection between her injury and her work-related duties. The appellate division affirmed the award. Gibson then moved the board to reconsider its award pursuant to OCGA § 34-9-103 (b), arguing that the award was based on apparent error and omission given the fact that there was medical evidence in the record which Gibson contended supported her claim. Relying on *Asplundh Tree Expert Co. v. Gibson*, 204 Ga. App. 853 (420 SE2d 797) (1992), the board agreed and granted the motion for reconsideration. Based "upon de novo consideration of all evidence," the board then substituted new findings of fact and conclusions of law for the ALJ's findings and conclusions and held that the combination of the medical reports in the record and Gibson's testimony provided a preponderance of evidence that her disability was work-related and that her employer offered no credible evidence to the contrary. The board vacated its original award and issued another award which granted Gibson's claim for benefits. Lindale Manufacturing Company ("Lindale"), Gibson's employer, then appealed to the superior court.

The question to be answered in this case is whether under *Asplundh*, supra, the board's reconsideration was authorized. In *As-*

*plundh,* this court interpreted OCGA § 34-9-103 (b) to authorize reconsideration of an award to correct *any* purported error whether factual or legal as long as the error appears on the face of the existing record. *Asplundh,* supra at 854. The board, however, cannot "ignore the res judicata effect of its prior award, so as to readdress and redetermine the issue of compensability based upon a new hearing and consideration of new evidence." Id. Lindale argues that the entry of the additional findings of fact on reconsideration represented an unlawful de novo review of the compensability issue. It appears, however, that the board did not conduct a new hearing but confined its reconsideration to the existing record and certain facts it erroneously omitted in its initial consideration of Gibson's claim. The board then issued a revised award "which purports to comply, legally and factually, with the previously considered record. [Cit.]" Id. Such exercise of authority is consistent with OCGA § 34-9-103 (b) as interpreted in *Asplundh.* Accordingly, the superior court erred in reversing the award of benefits granted to Gibson and reinstating the board's initial award. The case shall be remanded to the superior court for review of the board's award on the merits.

*Judgment reversed and remanded. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JULY 10, 1995 —
RECONSIDERATION DENIED JULY 26, 1995 — 

*Mundy & Gammage, E. Lamar Gammage, Jr.,* for appellant.
*Shaw, Maddox, Graham, Monk & Boling, Jo H. Stegall III,* for appellee.